In re SOUTHERN INDUSTRIAL
BANKING CORPORATION,
d/b/a Daveco, Debtor.

Thomas E. DuVOISIN, Liquidating
Trustee, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver for the United
American Bank in Knoxville, Federal
Deposit Insurance Corporation as Re-
ceiver for the U.S. Bank of Clarksville,
Federal Deposit Insurance Corporation
as Receiver for C & C Bank of Knox
County, Federal Deposit Insurance
Corporation as Receiver for the C & C
Bank of Monroe County, Federal De-
posit Insurance Corporation as Receiv-
er for the First Commerce Bank of
Hawkins County, Federal Deposit In-
surance Corporation as Receiver for
the C & C Bank of Jefferson County,
Federal Deposit Insurance Corporation
as Receiver for the U.S. Bank of Nash-
ville, Federal Deposit Insurance Corpo-
ration as Receiver for the United Amer-
ican Bank in Chattanooga, Federal De-
posit Insurance Corporation as Receiv-
er for the C & C Bank of Anderson
County, Federal Deposit Insurance
Corporation as Receiver for the C & C
Bank of Washington County, James
Steiner, and Jesse Barr, Defendants.

Bankruptcy No. 3-83-00372.
Adv. No. 3-85-0723.

United States Bankruptcy Court,
E.D. Tennessee.

Nov. 25, 1986.

Dearborn & Ewing, James R. Kelley, Nashville, Tenn., for plaintiff.

Morton, Lewis, King & Krieg, M. Edward Owens, Jr., Knoxville, Tenn., Vivian A. Comer, Sr. Atty., F.D.I.C., Washington, D.C., for F.D.I.C.

## MEMORANDUM ON FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO DISMISS

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Plaintiff Thomas E. DuVoisin is the liquidating trustee of a trust established under the modified plan of reorganization confirmed by this court in the Southern Industrial Banking Corporation (SIBC) case. The assets of the trust include approximately $26,000,000.00 in commercial loans, claims based on preferential transfers and fraudulent conveyances of SIBC's property, and any claim of SIBC arising before March 10, 1983 (the date SIBC filed its voluntary petition under Chapter 11 of Title 11). Asserting claims under 18 U.S. C.A. § 1964 (West 1984), the Racketeer Influenced and Corrupt Organizations Act (RICO), and both federal and state securities laws, plaintiff seeks recovery from the Federal Deposit Insurance Corporation (FDIC) as receiver for ten failed banking institutions. Because plaintiff's causes of action arise under RICO and securities laws instead of the bankruptcy laws, FDIC denies this court has jurisdiction under 28 U.S.C.A. §§ 157 and 1334 (West Supp. 1986). FDIC contends this proceeding is not a related proceeding, 28 U.S.C.A. § 157(c) (West Supp.1986), and that it has a constitutional right to a jury trial before an Article III judge.

### I

Plaintiff alleges Jake Butcher and C.H. Butcher, Jr., involuntary debtors in this court, and their agents formerly controlled twenty-seven banks in Kentucky and Tennessee and that they operated these banks without regard for separate corporate identities, treating the banks as "their own personal accounts." Plaintiff further contends Jake Butcher, C.H. Butcher, Jr., and their agents and associates conspired to and did conceal self-dealings; conspired to and did violate statutes designed to protect the integrity of the banking system; caused loans to be made to non-existing entities; engaged in fraudulent federal funds transfers; falsified call reports and records; forged notes and other documents; misrepresented the extent of bad loans; and conspired to and engaged in the fraudulent sale of securities. Paragraph 29 of plaintiff's Complaint recites:

The "Butcher Banks", including UAB and C & C Knox, are liable for the misconduct and illegal activities of their agents, Jake Butcher, C.H. Butcher, Jr.,

David Crabtree and other Butcher associates under the doctrine of respondeat superior.

According to plaintiff, the "Butcher Banks" aided and abetted the fraudulent sale of SIBC investment certificates, despite "actual knowledge of SIBC's insolvency," and are "controlling persons" liable for violations of securities laws. 15 U.S.C.A. § 77o (West 1981). Plaintiff also alleges SIBC was controlled by the "Butcher group" (consisting of Jake and C.H. Butcher, Jr., Jesse Barr, David Crabtree, George Ridenour and others), and forced to participate in criminal conspiracies and racketeering activities, which caused SIBC to fail. Further, plaintiff alleges the "Butcher Banks" and the "Butcher group:" (1) caused SIBC to sell investment certificates while engaging in fraudulent misrepresentations concerning its solvency, and (2) conspired to use SIBC as a dumping ground for worthless loans.

Seeking dismissal of the complaint, FDIC contends this court lacks jurisdiction because:

(1) the proceeding is not a "case under title 11" or a "proceeding arising under title 11" or a proceeding "arising in or related to a case under title 11;"

(2) the asserted causes of action are not property of the estate and the plaintiff consequently lacks standing to sue;

(3) there is no authority permitting this court to adjudicate the postconfirmation proceeding;

(4) SIBC was not eligible for relief as a "debtor" under 11 U.S.C.A. § 109(b)(2) (West Supp.1986) in the first instance;

(5) 28 U.S.C.A. § 157 (West Supp.1986) unconstitutionally confers jurisdiction upon this court; and

(6) *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) prohibits this court from adjudicating plaintiff's state law claims.

## II

Section 1334 of Title 28 of the United States Code enacts in part:

*Bankruptcy cases and proceedings*

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Each district court may refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district. 28 U.S.C.A. § 157(a) (West Supp.1986). Section 157 further enacts in part:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . .

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate or-

ders and judgments, subject to review under section 158 of this title.

. . . .

28 U.S.C.A. § 157 (West Supp.1986).

■ Undisputedly, the instant proceeding is neither a case under Title 11 nor a core proceeding arising in or under Title 11. FDIC contends it is not even related to a case under Title 11. FDIC maintains the instant proceeding is not related to the SIBC case and that any recovery would inure to the benefit of the SIBC successor-in-interest, not to creditors of the estate. FDIC is incorrect.

Whether a given proceeding arises in or is related to a bankruptcy case should be determined by whether the outcome of that proceeding might conceivably affect the nature or value of the estate, the claims against the estate or the administration of the estate.

*Martin v. Landers (In re Butcher)*, 43 B.R. 513, 516–17 (Bankr.E.D.Tenn.1984) (quoting 1 *Norton Bankruptcy Law and Practice* § 5.07 at 10 (1984)).

The outcome of this proceeding, in which plaintiff seeks to recover in excess of $132,-000,000.00, could significantly impact the value of the claims of SIBC creditors holding contingent interest certificates. See *DuVoisin v. East Tennessee Equity, Ltd. (In re Southern Industrial Banking Corp.)*, 59 B.R. 638, 641 (Bankr.E.D.Tenn. 1986) (to the extent recoveries by DuVoisin, liquidating trustee, increase assets of the SIBC successor-in-interest there is a proportional increase in the value of the ownership rights in the successor-in-interest, which constitute a portion of the distribution to creditors under the plan). Hence, the instant proceeding is clearly related to the SIBC case and within the scope of 28 U.S.C.A. § 1334 (West Supp.1986).

■ FDIC's second argument is that plaintiff lacks standing because the causes of action asserted by him belong to creditors, not to SIBC. In response, plaintiff contends SIBC itself was injured by "racke-teering activity," 18 U.S.C.A. § 1961(1) (West 1984), engaged in by the ten failed banking institutions for which FDIC is receiver. Additionally, plaintiff asserts SIBC was deprived of assets through fraudulent actions of the failed banks and that he is entitled to pursue the securities claims as the representative of SIBC and its creditors and stockholders. These causes of action averring injury to SIBC are property of the SIBC estate, 11 U.S.C.A. § 541(a)(1) (West 1979), transferred to the liquidation trust pursuant to the confirmed plan. As liquidating trustee plaintiff is entitled to pursue the prepetition claims of SIBC. Accordingly, plaintiff has standing to maintain an action seeking recovery for injuries to SIBC.

■ Thirdly, FDIC contends this court lacks jurisdiction because the proceeding is brought postconfirmation. However, confirmation did not divest this court of jurisdiction over claims of the SIBC estate. Indeed, the confirmed plan expressly provides for retention by this court of jurisdiction over "any adversary proceeding brought by the Liquidating Trustee to enforce claims or interests of S.I.B.C. or the estate retained by the Liquidating Trustee." See *Tennessee Wheel & Rubber Co. v. Captron Corp. Air Fleet*, 64 B.R. 721 (Bankr.M.D.Tenn.1986) (Bankruptcy Code does not contemplate termination of subject matter jurisdiction upon payment of general unsecured claims) and *DuVoisin v. East Tennessee Equity, Ltd. (In re Southern Industrial Banking Corp.)*, 59 B.R. 638 (Bankr.E.D.Tenn.1986) (liquidating trustee has standing to bring avoidance action in bankruptcy court).

FDIC's next argument, that SIBC was not eligible for relief under Title 11, is contrary to the conclusion reached by Judge Edgar in *DuVoisin v. Anderson (In re Southern Industrial Banking Corp.)*, 59 B.R. 978 (E.D.Tenn.1986) (SIBC was an eligible debtor pursuant to Bankruptcy Code § 109(b)(2) under either the state clas-

sification or independent classification test).[1]

Because this proceeding will be transferred to the district court, it is not necessary for this court to address the two remaining objections to its jurisdiction. As previously noted this is a related proceeding. Absent consent of all the parties the authority of this court is limited to submitting proposed findings of fact and conclusions of law to the district court. FDIC asserts a right, and is apparently entitled, to a jury trial.[2] Because the district court reviews de novo the findings objected to in a related proceeding, a jury trial of the instant proceeding in this court would be merely advisory. If either party objects to the findings proposed by this court a second trial by jury in the district court would be necessary. See *Mohawk Indus., Inc. v. Robinson Indus., Inc.*, 46 B.R. 464 (D.Mass.1985) (motion to refer non-core proceeding to bankruptcy court denied where jury trial demanded).

The FDIC Motion To Dismiss will be denied, and this proceeding will be referred to the district court.[3]

---

**1.** The FDIC "Memorandum Of Points And Authorities In Support Of Motion To Dismiss" was filed prior to Judge Edgar's decision.

**2.** See *NSC Int'l. Corp. v. Ryan*, 531 F.Supp. 362 (N.D.Ill.1981) (Seventh Amendment requires jury trial on demand in a RICO action).

**3.** No party to this proceeding has filed a motion in the district court for withdrawal pursuant to 28 U.S.C.A. § 157(d) (West Supp.1986), which enacts in part: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." See *Derryberry v. Toledo Trust Co. (In re Hartley)*, 55 B.R. 781 (Bankr.N. D.Ohio 1985) (mandatory withdrawal applies where all counts of complaint inextricably linked to alleged RICO violations). The bankruptcy court acted sua sponte in *Hartley*, although § 157(d) appears to contemplate the filing of a withdrawal motion in the district court.