**In re BOH! RISTORANTE, INC., Debtor.**

**In re Francisco MIR, Debtor.**

**Cheryl L. CRISTOPHER, Appellant,**

**v.**

**Francisco MIR, Boh! Ristorante, Inc., and The U.S. Trustee, Appellees.**

**BAP No. CC–88–1126 MoVP.**

**Bankruptcy Nos. LA87–01882–GM, LA87–01883–GM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 19, 1989.

Decided June 6, 1989.

Cheryl L. Christopher, Los Angeles, Cal., in pro. per.

Keith S. Dobbins, Santa Monica, Cal., for appellees.

Before MOOREMAN, VOLINN and PERRIS, Bankruptcy Judges.

## OPINION

MOOREMAN, Judge.

This appeal arises out of the bankruptcy court's order denying the debtor's former bankruptcy counsel's (appellant), application to be employed retroactively and ordering the turnover of $16,512.10 in fees previously paid to the appellant by the debtor's ex-wife.

On February 2, 1987, the debtors commenced voluntary Chapter 11 proceedings. On March 20, 1987, the appellant was substituted in as counsel and two separate orders approving the substitution were entered on approximately April 1, 1987.[1] Because of the debtors' inability to pay the appellant, debtor Francisco Mir's former wife ("Ms. Mir"), agreed to pay the appellant's attorney's fees and soon after, the appellant received $16,925.50 from Ms. Mir.[2] The appellant represented the debt-

---

1. The record reflects that the appellant was not experienced in Chapter 11 bankruptcy work and that she may have mistakenly interpreted the order authorizing the substitution of attorney as an order of appointment.

2. Although the debtors argued before the bankruptcy court that these funds were actually an "advance" to the debtors, the bankruptcy court specifically determined that the funds were not property of the estate (paid to the appellant post-petition) and rightfully belonged to Ms.

ors and the debtors-in-possession (collectively referred to as 'debtors'), until approximately September 1987, at which time, the bankruptcy court entered an order authorizing the employment of the debtors' present attorney, Mr. Dobbins.

After learning that the appellant had not formally obtained authorization from the bankruptcy court for her employment, the debtors, through Mr. Dobbins, brought a motion for "Determination of Propriety of Payments Made to Attorney Post–Petition." After an initial hearing on the matter and pursuant to the bankruptcy court's request, the appellant filed: 1—an application to be employed *nunc pro tunc;* 2—an amended Rule 2016(b) statement disclosing the payment of the fees by Ms. Mir; and 3—a fee application pursuant to § 330.[3] At the continued hearing on the matter, the bankruptcy court determined that the appellant had failed to obtain authorization for employment as required by 11 U.S.C. § 327. Accordingly, the bankruptcy court denied the appellant's motion for *retroactive* appointment and required the funds to be returned to Ms. Mir.[4]

### DISCUSSION

The appellant in the instant case, does not dispute the bankruptcy court's order denying her motion for retroactive employment or the right of the bankruptcy court to determine the reasonableness of fees which she received and to order the return to Ms. Mir of any compensation determined to be unreasonable. Rather, this appeal is limited to the more narrow issues of: 1— whether an attorney who receives compensation from a third-party, must obtain authorization for employment under § 327;

and 2—whether the bankruptcy court abused its discretion in denying all fees to the appellant. In interpreting and applying specific sections of the Bankruptcy Code, this Panel will apply a *de novo* standard of review. *See e.g. In re Wenberg,* 94 B.R. 631 (9th Cir.BAP 1988).

It is well recognized that:

Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.

S.Rep. No. 95–989, 95th Cong.2d Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5825.

■ Accordingly, fees paid to the debtor's counsel may be reviewed regardless of their source. 11 U.S.C. § 329(a) and § 329(b)(2); *In re Furniture Corporation of America,* 34 B.R. 46, 47 (Bankr.S.D.Fla. 1983) (payments made to debtor's counsel by a *third-party* are subject to court review and § 329). In this regard, the appellant argues that the bankruptcy court erred by failing to address the "reasonableness" of the appellant's fees.

■ There is apparently no authority discussing whether court approval under § 327 and Bankruptcy Rule 2014(a) is required when compensation to the debtor's attorney is not sought as an administrative expense, but rather is being paid by a third party. The rationale behind the bankruptcy court's determination is set forth in the oral ruling as follows:

[Congress was] trying to highly discourage an attorney from looking for outside

Mir. This conclusion is now final and not subject to dispute on appeal. Additionally, the record reflects that Ms. Mir paid the appellant's fees as a "gift" to the debtor.

**3.** At this initial hearing on October 29, 1987, the bankruptcy court indicated that she would be willing to grant a *nunc pro tunc* order authorizing the appellant's employment and also stated that the $16,000+ fees received by the appellant were reasonable. E.R. at 67 and 75.

**4.** It is doubtful that the debtor had standing before the bankruptcy court to seek recovery of

the funds at issue given the fact that Ms. Mir has never appeared by or through counsel and never requested the return of the money. The appellees' attorney, indicated the entire rationale behind the motion was the alleged fact that Ms. Mir "[was] willing to assign all the rights [to the money] to the estate." E.R. at 217. There is no evidence in the record, however, that such an assignment was ever made.

As to the present status of the funds, the bankruptcy court eventually allowed the funds to be turned over to the debtor's counsel to be placed in an interest bearing account pending the outcome of any appeal.

financing to finance the case, and then say to the Court, "Yeah, but I'm not taking anything from the estate, so you don't have control over me." Congress intended me to have control over the attorney.

E.R. at 216.

In support of the bankruptcy court's application of § 327, Bankruptcy Rule 2014(a) requires that the application set forth "*any proposed arrangement for compensation.*" Additionally, an important purpose of an application for employment pursuant to § 327 is to make certain that the person sought to be employed does not hold an interest adverse to the estate. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 38 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

Given the requirements of Bankruptcy Rule 2014(a) and the purposes behind § 327, fees paid by a third-party to a professional employed by a debtor-in-possession may be recovered by the third-party under § 329, if such fees would not be allowable under § 330 even if the professional had made a timely application for authorization to be employed.

■ With regard to cases where employment authorization is not obtained from the bankruptcy court, the sanction of denying fees has generally been imposed in instances where counsel *seeks compensation as an administrative expense.* No section within the Bankruptcy Code, however, requires such a sanction, rather it is imposed because of the need to deter attorneys from general nonobservance of the Bankruptcy Code. *See e.g. In re Crook,* 79 B.R.

475, 477 (9th Cir. BAP 1987); *In re Downtown Investment Club III,* 89 B.R. 59 (9th Cir. BAP 1988). The rationale for such sanction is primarily based on the notion that *estate funds* are considered "trust funds." *See e.g. Matter of Ross,* 88 B.R. 471, 475 (Bankr.M.D.Ga.1988) (discussing the need for court approval for payment of fees from *estate funds*). Accordingly, the bankruptcy court "has a duty to see that the funds are administered in a manner consistent with the intent of the Bankruptcy Code." *Id.* at 475.

In the instant case, however, appellant did not seek compensation from estate funds (*see supra* note 2), and, thus, the rationale and objectives set forth above do not warrant a complete denial of all fees. Accordingly, this Panel concludes that the harsh penalty imposed upon the appellant was not justified under these limited circumstances. *See supra* note 3.

The appellees argue that separate grounds exist in support of the bankruptcy court's denial of all fees, be they reasonable or otherwise, because of: 1—the fact that the *Ms. Mir* is a creditor of the estate and, therefore, the appellant did not satisfy the requirement of a "disinterested" party as required by § 101(13)(E); and 2—the appellant's failure to file a disclosure statement regarding the compensation arrangement as required by § 329.[5]

It is unclear from the record whether Ms. Mir is in fact a creditor of the estate or was a creditor at the time the payment to the appellant was made.[6] Also, the cases cited by the appellees involved instances where the retainer or post-petition payment to the attorneys were *from the debtor* themselves

---

**5.** Section 329 provides as follows:
(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, *whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid,* if such agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney and *the source of such compensation.*
(b) If such compensation *exceeds the reasonable value* of any such services, the court may cancel

any such agreement, or order the return of any such payment, *to the extent excessive,* to—
  (1) to the estate if the property transferred—
    (A) would have been property of the estate; or
    (B) was to be paid ... under a plan ...; *or*
  (2) *the entity that made such payment.*
11 U.S.C. § 329(a) (emphasis supplied).

**6.** The bankruptcy court specifically determined that the payments made by Ms. Mir to the appellant, were not an "advance" or "loan" to the debtor.

and/or other abuses of the Bankruptcy Code were also present. Additionally, Bankruptcy Rule 2016(b) setting forth the procedure of filing a § 329 statement requires that the statement be filed "within 15 days after the order for relief, *or at another time as the court may direct,*...." Bankr.Rule 2016(b) (emphasis added). In the instant case, the debtors did not retain appellant for more than one month after the filing of the Chapter 11 petitions, therefore, the "within 15 days after the order of relief" language is not applicable. The bankruptcy court impliedly allowed the appellant to file such a statement within 30 days from the October 29th hearing, wherein the court gave the appellant 30 days to file a motion for retroactive employment. The appellant did file an amended § 329 statement within the 30 days and the payment from Ms. Mir was set forth. Under these circumstances, the appellees' allegations that the appellant violated § 329 and Rule 2016(b) are not supported by the record.

This Panel concludes that a complete denial of appellant's fees is an unreasonably harsh penalty given the unique circumstances and underlying posture of this case. Although the order from which the instant appeal arose states that the fees were "excessive," the record clearly reflects that the bankruptcy court specifically reserved a determination as to the reasonableness of the fees pending the outcome of any appeal. E.R. at 220.[7]

Accordingly, this case is reversed and remanded to the bankruptcy court for a determination of the "reasonable value" of the appellant's services pursuant to 11 U.S. C. § 329(b).

---

**7.** Additionally, as set forth in note 3, the bankruptcy court had previously indicated that it felt the $16,000+ fees were reasonable under the circumstances.