In re James W. LAND and Lois L. Land, Debtors.

James W. LAND and Lois L. Land, Appellants,

v.

The FIRST NATIONAL BANK IN ALAMOSA, Appellee.

Civ. A. No. 89–K–1030.
Bankruptcy No. 85–B–06345–M.

United States District Court,
D. Colorado.

July 23, 1990.

David J. Richman, John P. Baker, Coghill & Goodspeed, Denver, Colo., for First Nat. Bank of Alamosa.

Thomas J. Kerwin, Kerwin & Assoc., Denver, Colo., for James & Lois Land.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This appeal involves the relationship among §§ 327, 328, 329 and 330 of the Bankruptcy Code. The debtors, James and Lois Land, and their attorney, Thomas Kerwin, contest a bankruptcy court order denying their motion for nunc pro tunc approval of Kerwin's application for employment as the debtors' attorney and requiring his disgorgement of attorney fees collected in connection with the Land's Chapter 11 bankruptcy and related state court litigation. They argue that bankruptcy court approval of Kerwin's employment as the debtors' counsel was not required under the Code and that the court had no jurisdiction to order the return of fees paid by non-debtor third parties and relating to the state court litigation. Appellee First National Bank of Alamosa (the Bank) moves for sanctions against the appellants under Rule 11, Bankr.R. 9011, and 28 U.S.C. § 1927, arguing that this appeal is frivolous.[1] I affirm the bankruptcy court's ruling denying nunc pro tunc approval of the Land's application to employ Kerwin and deny the motion for sanctions.

### I. Facts.

This matter began on October 22, 1985, when the Lands filed for bankruptcy under

---

1. In their opening brief, the appellants challenge the Bank's standing to object to Kerwin's application for employment and to participate in this appeal. Although § 327 contains no express requirement of either notice or hearing on an application for employment under this section, the bankruptcy court has discretion to order a noticed hearing. *See In re Crest Mirror & Door Co., Inc.,* 57 B.R. 830, 831–32 (Bankr. 9th Cir.1986). Moreover, § 327(c) of the Code contemplates "objection by another creditor or the United States trustee" to a § 327 application where the professional has been employed previously by a creditor, further indicating that parties in interest have standing to make objections to a § 327 application, despite the lack of notice requirement. Thus, as a creditor of the estate, the Bank could properly object to Kerwin's application for nunc pro tunc approval of employment, and as a participant below, it has standing in this appeal.

Chapter 11. Although they were not then represented by counsel, Kerwin began to advise the couple on bankruptcy matters and issues relating to a dispute with the Bank shortly thereafter. In April, 1986, Kerwin filed a state court action against the Bank on behalf of the Lands based on theories of fraud and conspiracy.

Kerwin took no action on the bankruptcy case until approximately two years after the Land's Chapter 11 petition was filed, when the Bank moved to dismiss the case under 11 U.S.C. § 1112(b). At a hearing on the motion to dismiss on February 18, 1988, Kerwin refused to proceed with his representation of the Lands, due to a perceived conflict of interest arising out of the state court litigation. *See* R.Vol. II. The bankruptcy court continued the hearing to permit the Lands to obtain alternate counsel, but later imposed sanctions against Kerwin for his dilatory actions. On March 16, 1988, on the advice of new counsel, the Lands withdrew their objection to the Bank's motion to dismiss, and the case was dismissed March 21, 1988.

Before dismissing the Lands' case, however, the bankruptcy court entered an order on March 3, 1988, in which it observed that

> Kerwin has, on an intermittent and inconsistent basis, filed certain documents and represented the Debtors herein. The Court further finds that the file is unclear as to whether or not the Debtors are formally and correctly represented by counsel Thomas J. Kerwin and unclear as to whether said counsel has formally entered his appearance in the within Chapter 11 proceeding, whether he has been employed and/or paid by the Debtors in this Chapter 11 proceeding, and/or whether counsel Thomas J. Kerwin has complied with or attempted to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice[.]

*Id.* Vol. I, Doc. 85. The court then ordered Kerwin to comply with "applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice, which shall include, but is [sic] not limited to, 11 U.S.C. §§ 327, 329, 330 and Bankruptcy Rules 2014 and 2016." *Id.*

By May 18, 1988, Kerwin still had not made application for employment under § 327(a) and Bankruptcy Rule 2014, filed a disclosure statement under § 329 and Bankruptcy Rule 2016, or applied for court approval of his fees under § 330, and the court entered an order requiring Kerwin to show cause why he had not done so. In this order, the bankruptcy court found that Kerwin's "only evident compliance with any of the cited Bankruptcy Code sections or Bankruptcy Rules is a single Attorney's Fee Disclosure Statement filed February 13, 1986, ... [which] in terms of timeliness, candor, specificity and justification, is completely inadequate and legally insufficient in all respects." *Id.*, Doc. 92 at 1. It further found that counsel's conduct had been "improper in the extreme and that such impropriety has been compounded by Mr. Kerwin's continued, persistent refusal to comply with the cited sections of the Bankruptcy Code and Bankruptcy Rules, and in continuing defiance of this Court's March 3, 1988 Order...." *Id.* at 2. It ordered Kerwin to make an accounting of all fees received, to submit a proper application for employment within 20 days and to appear at a hearing to show cause why he should not be held in contempt. *Id.*

On July 5, 1988, Kerwin filed an amended attorney fee disclosure statement in attempted compliance with the March 3 and May 18 orders, in which he stated, "[a]pplication for retention is not required by virtue of 11 US Code Section 327 and Section 330(a) because undersigned is acting as counsel for debtor." *Id.* Doc. 99. It further stated that he received $20,000 and several smaller payments for fees from Mr. Land's brother, Larry Land, and that "[u]ndersigned seeks no allowance of attorney's fees award [sic] from the assets of this bankruptcy estate." *Id.* In a supplemental statement filed on July 7, 1988, Kerwin disclosed that he had received a combined total of $32,500 in post-petition payments from Mr. Land's brother and Mrs. Land's mother, and $1,000 pre-petition payment from the Lands themselves.

Then, on July 8, 1988, Kerwin made application for court approval of the $1,000 prepetition payment made by the Lands under § 329 of the Code.

The Bank filed its objection to Kerwin's disclosure on July 11, 1988, suggesting sanctions be imposed against Kerwin for his noncompliance with previous court orders. In his reply, Kerwin, represented by counsel, asserted his good faith belief that he was not required to obtain court approval of his employment and offered to correct any deficiencies in his filings. *See id.* Doc. 103. At the July 12, 1988 hearing on the motion for order to show cause, Kerwin reiterated his belief that court approval of his employment was unnecessary. In its findings of fact and conclusions of law entered from the bench, the court rejected this argument, but declined to hold Kerwin in contempt, finding that he had acted with a "pure heart" but an "empty head." *Id.* Vol. IV at 6. The court then gave Kerwin 30 days to make the appropriate application and supplemental accounting of his fees.

On August 23, 1988, Kerwin again filed an application for approval of his fees in relation to the Land bankruptcy. The application consisted of a 17-page narrative statement and a 54-page addendum purportedly itemizing his activities and time spent on the case. The application was reviewed by the U.S. Trustee, who noted serious deficiencies and recommended that the application be denied. On October 31, 1988, the bankruptcy court followed the U.S. Trustee's recommendation. In its findings of fact and conclusions of law, the court noted that Kerwin still had not obtained approval of his employment under 11 U.S.C. § 327 and Bankruptcy Rule 2014 and that his fee applications under 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016 were still wholly inadequate. The court concluded that Kerwin's willful and continuing ignorance or avoidance of the requirements of the Code, Rules and case law was, standing alone, sufficient basis to deny his application for fees. It then ordered Kerwin to repay the fees he received from the Lands and their relatives within 120 days. Finally, it gave Kerwin the opportunity to recover certain nonbankruptcy fees relating to the state court litigation ($30,106 of the total $33,590 in fees) "only upon and after Mr. Kerwin applies for employment and requests approval of compensation in a correct and legally sufficient manner...." Appendix to Brief of Appellee, Doc. 1 at 15.[2] Kerwin filed a notice of appeal from this order, but later dismissed the appeal.

On February 27, 1989, the Bank moved for an order directing Kerwin to show cause why he had not complied with the court's October 31 order to return fees. On March 27, 1989, Kerwin filed his notice of compliance. In his affidavit accompanying the notice, Kerwin disclosed that he had returned the funds to the original payors, but that the Lands had requested that Kerwin continue to represent them in the state court litigation. Therefore, Kerwin had accepted a $40,106 payment from Mr. Land's brother. Of this amount, $30,106 was to be held in trust pending Kerwin's renewed application for approval of fees and $10,000 as a retainer for future legal fees in the state court litigation. On March 30, 1989, the Lands filed a motion for nunc pro tunc approval of Kerwin's employment under § 327(a), and Kerwin filed a statement under § 329 disclosing the above fee arrangement with the Lands.

The bankruptcy court conducted a hearing on the Land's application for nunc pro tunc approval to employ Kerwin on May 31, 1989. At the conclusion of the hearing, the court ruled that the application for nunc pro tunc approval would be denied because, "virtually under the most liberal case law," *Id.* Vol. III at 4, there was no justification for Kerwin's untimely § 327 application. It noted the "tortured history" of the case, *id.* at 2, 6, Kerwin's obstinance in cooperating with the court, and that fact that he failed to comply with Code provisions for over four years. *Id.* at 5-7. The court declined to find Kerwin's actions in accepting the $40,106 payment from Mr. Land's brother in contempt, but again ordered that Kerwin return all funds in connection with

---

2. For some unknown reason, this order was not    included in the record on appeal.

the bankruptcy case and the state court litigation (exclusive of the $10,000 retainer for future services). Kerwin now appeals this ruling.

## II. *Merits.*

### A. Statutory Framework.

The provisions dealing with the employment and compensation of attorneys (and other professionals) by the trustee, the debtor-in-possession and the debtor-out-of-possession are contained in §§ 327–331 of the Bankruptcy Code. Under § 327(a), when the trustee or a debtor-in-possession[3] desires legal representation or assistance in carrying out his duties, he must obtain court approval of his selection of an attorney. 11 U.S.C. § 327(a). Similarly, under § 327(e), the trustee may employ an attorney to handle a specified, special matter, such as adversary litigation related to the bankruptcy case, but again, the attorney's employment must be court-approved. *Id.* § 327(e). The procedures for obtaining this approval are outlined in Bankruptcy Rule 2104, which requires among other things that the application for employment contain a detailed disclosure of the attorney's connections with the debtor, creditors and any other party in interest. Bankr.R. 2014(a).

■ Once an attorney has obtained court approval of his employment, he may be compensated by funds from the estate. Section 328(a) of the Code permits the trustee to contract to pay an attorney on a retainer, an hourly or a contingency-fee basis, but the bankruptcy court may modify this arrangement if circumstances later prove that it was "improvident." 11 U.S.C. § 328(a). The court may also deny fees if the attorney violates his duty to remain free of conflicts of interest during his employment. *See id.* § 328(c). When an attorney seeks to be compensated from estate funds, he must make application as provided in § 330(a) of the Code and through the procedure established by Bankruptcy Rule 2016. That procedure requires a detailed statement of services rendered, time expended, expenses incurred justifying the amount requested. Bankr.R. 2016(a). The attorney must also submit a statement outlining the source of any payments "made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case" and any fee sharing arrangements. *Id.* Section 331 permits an attorney to apply for reimbursement of fees during the pendency of the case, but not more than once every 120 days unless the court orders otherwise. 11 U.S.C. § 331.

The Bankruptcy Code also requires certain disclosures by attorneys who have not been employed by the trustee pursuant to § 327 of Code and who do not seek compensation from funds of the estate, but who have been employed by a debtor out-of-possession to represent his interests in connection with the case.[4] Under § 329 of the Code, the attorney must file within 15 days of the order for relief a statement disclosing past and present arrangements for compensation made within one year of filing and the source of any payments. *Id.* § 329(a); Bankr.R. 2016(b). The statement must also outline any fee sharing agreement and must be updated if the attorney

---

**3.** While § 327 makes reference only to the trustee's employment of a professional, this section is made applicable to debtors-in-possession by virtue of § 1107 of the Code. Section 1107(a) provides in relevant part that "a debtor-in-possession shall have all the rights, other than the right of compensation under section 330 of this title, and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

**4.** Although the statutory language is less than clear, the disclosure requirements of § 329 and Bankr.R. 2016(b) may also apply to attorneys representing debtors-in-possession who obtained pre-petition fee payments from the debt-

or or a third party before being approved to act as the debtor-in-possession's attorney. *See, e.g., Cristopher v. MIR (In re BOH! Ristorante, Inc.),* 99 B.R. 971, 973 (Bankr. 9th Cir.1989) (noting applicability of § 329(a) to attorney for debtor-in-possession whose application for nunc pro tunc approval had been denied); *In re Kero–Sun, Inc.,* 58 B.R. 770, 778 (Bankr.D.Conn.1986) (denying compensation to court-approved attorney for debtor-in-possession for failure to make § 329(a) disclosure). Thus, a prudent attorney having any contact with the debtor before being approved to act as its attorney should make a § 329 disclosure.

804

receives any payment not previously disclosed. Bankr.R. 2016(b). Moreover, the bankruptcy court has jurisdiction to order the attorney to return any fees to the estate or to the entity that paid the fees if the court determines that they were excessive. 11 U.S.C. § 329(b). Section 329 was enacted in response to the concern that "[p]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." H.R.Rep. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 39, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5825, 6285.

### B. Applicability of Code and Rule Provisions.

■ The threshold issue in this appeal is which of the above provisions, if any, apply to Kerwin's representation of the Lands in this bankruptcy case. The appellants first argue that there was no requirement that Kerwin obtain § 327 approval of his employment because he provided legal services to the Lands as debtors only, and not as "debtors-in-possession." While it is true that court approval of the employment of an attorney is not required when a debtor is out-of-possession, *see Nucor, Inc. v. Deutsche Credit Corp. (In re Nucor, Inc.)*, 113 B.R. 22, 25 n. 3 (D.Colo.1990); 2 *Collier on Bankruptcy* ¶ 327.07 (L. King 15th ed. 1990), Kerwin's contention that the Lands were out-of-possession is, as a matter of law, incorrect.

The term "debtor-in-possession" is defined in § 1101 of the Code. Under this section, " 'debtor-in-possession' means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case." 11 U.S.C. § 1101(1). It is undisputed that a trustee has never been appointed in this case, nor was the case converted to a Chapter 7. Therefore, as of the commencement of the case, the Lands were debtors-in-possession, and Kerwin's employment as their counsel should

have been court-approved. *See In re Prime Foods of St. Croix, Inc.*, 80 B.R. 758, 760–61 (D.V.I.1987) (distinguishing between time periods when the debtor was in- and out-of-possession). Moreover, Kerwin advised and represented the Lands with respect to matters relevant to the maintenance of the bankruptcy case itself and with respect to state court litigation which was the sole asset of the bankruptcy estate. His participation in this matter was as the attorney for the debtors-in-possession, and not for the debtors in their non-bankruptcy capacity. *Compare In re Steeves*, 3 B.R. 334, 335 (Bankr.D.R.I.1980) (court approval of attorney fees not necessary where legal services related to the recovery of exempt property of no interest to the bankruptcy estate).

■ Even accepting the appellants' erroneous argument that Kerwin represented the Lands as debtors only, Kerwin did not comply with other Code and Rule provisions dealing with attorneys representing debtors-out-of-possession. The record indicates that Kerwin received a $1,000 retainer from the Lands on September 30, 1985, less than one month before their petition was filed. *See* R.Vol. I, Doc. 100. Thus, Kerwin was representing the debtors before the initiation of their bankruptcy case. Under § 329(a) and Bankr.R. 2016, Kerwin should have filed a statement within 15 days after the Lands filed their petition detailing his fee arrangement with them and disclosing their payment of the $1,000 retainer. Bankr.R. 2016(b). When Kerwin later accepted payments in 1986 and 1987 from the Land's relatives, he should have supplemented his disclosure statement within 15 days. *Id.* Kerwin's attempts at such disclosure were untimely by years and came only after the bankruptcy court's repeated admonitions that he file a disclosure statement. When finally filed, his statements were wholly deficient in detail and clarity. Therefore, under any possible interpretation of Kerwin's role in this bankruptcy case, he did not comply with the Code and the Rules.[5]

---

5. That Kerwin received a $1,000 retainer from the Lands pre-petition raises a problem that the

C. Third Party Payment of Fees.

██ Despite the obvious applicability of § 327, the appellants nevertheless advance a second argument why § 327 approval was not required. Pointing to the fact that approximately $32,500 of the total $33,500 in fees were paid by Mr. Land's brother and Mrs. Land's mother, they contend that court approval of an attorney's employment is not required when his fees are paid by third parties and do not come from funds belonging to the estate. This argument is erroneous as a matter of law and of fact.

In *Cristopher v. MIR (In re BOH! Ristorante, Inc.)*, 99 B.R. 971, 972 (Bankr. 9th Cir.1989), the Bankruptcy Appellate Panel for the Ninth Circuit addressed "whether court approval under § 327 and Bankruptcy Rule 2014(a) is required when compensation to the debtor's attorney is not sought as an administrative expense, but rather is being paid by a third party." Adopting the bankruptcy court's view that court approval is necessary, the court noted that Bankruptcy Rule 2014(a) provides that a § 327(a) application must set forth "any proposed arrangement for compensation," regardless of source. Bankr.R. 2014(a); *id.* at 973. In addition, one of the primary purposes of § 327 is to uncover any potential conflicts of interest between the attorney and the estate. Thus, the court concluded that

> [g]iven the requirements of Bankruptcy Rule 2014(a) and the purposes behind § 327, fees paid by a third-party to a professional employed by a debtor-in-possession may be recovered by the third-party under § 329, if such fees would not be allowable under § 330 even if the

professional had made a timely application for authorization to be employed. *Id.* at 973; *cf. In re Furniture Corp. of Am.*, 34 B.R. 46, 46 (Bankr.S.D.Fla.1983) (*any* payment made to an attorney representing a debtor in connection with the case can be reviewed, regardless of the source of the payment).[6]

██ Although the panel in *BOH!* ultimately held that under the "limited circumstances" of that case the complete denial of fees was not warranted, the facts of *BOH!* are distinguishable. In *BOH!*, the bankruptcy court "specifically determined that the funds were not property of the estate (paid to the appellant post-petition) and rightfully the property of [the debtor's wife and that she] … paid the appellants fees as a 'gift' to the debtor." *Id.* n. 2. Here, there is contrary evidence that Mr. Land's brother, who had paid the majority of Mr. Kerwin's attorney fees, expected repayment in the event the state court litigation was successful. In its October 31, 1988 order, the bankruptcy court specifically found that

> the funds were advanced on behalf of the estate, with an expectation that the estate would be obligated to repay such funds to Larry Land. This characterization of the funding scheme is based on the testimony of Lois Land, … in which she stated that at one point Larry Land had a business interest in the Bank litigation. This indicates, if not establishes, a relationship or nexus, between the source of funds and the estate. There is a link, an evident relationship, between the funding agent and the property of the estate.

Appendix to Brief of Appellee, Doc. 1 at 4. Kerwin has not appealed this order; there-

---

bankruptcy court did not address when it ordered Kerwin to return this payment. At least one court has held that, under certain circumstances, a debtor's payment of a pre-petition retainer is not property of the estate and the court may not require its return unless it finds that the fee was excessive. *See In re McDonald Bros. Constr., Inc.*, 114 B.R. 989 (Bankr.N.D.Ill. 1990). This argument is based on the assumption, however, that counsel has made a proper § 329 disclosure, which is not the case here. As discussed below, failure to meet these disclosure

requirements is, of itself, sufficient justification to require the return of fees.

**6.** The appellants' reliance on *Smiley Professional Ass'n v. Phelps (In re O'Bannon)*, 484 F.2d 864 (10th Cir.1973), and *Robson, Miller & Osserman v. D.H. Overmyer Telecasting Co. (In re D.H. Overmyer Telecasting Co.)*, 77 B.R. 128, 170 (Bankr.N.D.Ohio 1987), is misplaced. These cases were decided under the Bankruptcy Act, which restricted review of attorney's fees to "any payment … by the bankrupt." *See In re Furniture Corp. of Am.*, 34 B.R. at 46.

fore this finding is not subject to dispute.[7] In addition, while the attorney in *BOH!* failed to obtain court approval of her employment, she did file a timely disclosure statement regarding her fee arrangement. *See* 99 B.R. at 974. Kerwin repeatedly failed to do so in this case.

Applying *BOH!* to the facts of this case, I conclude that the Land's employment of Kerwin was subject to bankruptcy court approval under § 327(a), even though a large portion of his fees was advanced by the Land's relatives. Contrary to the appellants' contention, the record supports a finding that the fees were paid from estate property or by parties with potential claims for reimbursement from estate property. Thus, the bankruptcy court was wholly justified in reviewing Kerwin's application for employment and, as further discussed below, it did not abuse its discretion in denying those fees. Alternatively, as outlined in *BOH!*, even if the payments to Kerwin were truly from third party funds and not estate funds, under § 329 the bankruptcy court has jurisdiction to order the return of improper fees to any entity who paid them. *See* 11 U.S.C. § 329(b)(2). Courts have held that an attorney's inadequate and incomplete § 329 disclosure is, in and of itself, sufficient basis to deny attorney fees, despite the fact they were received from a third party. *See, e.g., In re Kero-Sun,*

Inc., 58 B.R. 770, 777–81 (Bankr.D.Conn. 1986).[8]

## D. Propriety of Denying Nunc Pro Tunc Approval of Application for Employment.

Although not discussed by the appellants in their briefs, the central, substantive issue in this appeal is whether the bankruptcy court erred in denying nunc pro tunc approval of Kerwin's application for employment as counsel to the debtors-in-possession. As noted in *Collier on Bankruptcy, supra,* ¶ 327.02 at 327–7 (footnotes omitted):

> When there is no compliance with the Code or rules, a professional person may forfeit his right to compensation. The services for which compensation is requested should have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering services may be an officious intermeddler or a gratuitous volunteer. The purpose of the rule requiring prior court authorization of employment is to provide the court with a means of control over administrative expenses. Thus, an attorney who acts for a trustee or on behalf of a trustee without approval by the court may be denied any compensation even though valuable services were rendered in good faith.

---

7. The appellants argue that the bankruptcy court's October 31, 1988 order was not final and that its merits are at issue; however, the record belies this contention. On November 15, 1988, in response to a request by Kerwin for clarification of this very issue, the bankruptcy court entered an order expressly stating that the October 31 order was final and extending the time for Kerwin to file a notice of appeal. R.Vol. I, Doc. 118. Although Kerwin did timely appeal the October 31 order, he voluntarily dismissed the appeal on March 20, 1989. Consequently, the findings made in the October 31 order cannot be challenged here.

8. The appellants also appear to contest the bankruptcy court's jurisdiction to order the return of fees generated in connection with the state court litigation. Under the expansive definition set forth in § 541 of the Code, property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." Thus, a debtor's pre-

petition, tort-based claims against a lender are property of the estate. *See, e.g., In re Southern Indus. Banking Corp.,* 67 B.R. 399, 402 (Bankr.E.D.Tenn.1986). As the Lands have acknowledged, their interest in the state court litigation against the Bank was really the sole asset of the estate. This alone justifies the bankruptcy court's scrutiny of fees incurred in connection with that litigation. Moreover, § 327(e) of the Code specifically contemplates court approval of the employment of counsel for special matters, such as adversary litigation unrelated to the administration of the bankruptcy case, and § 329(a) of the Code broadly requires disclosure of fee arrangements for services rendered "in contemplation of or in connection with the case." 11 U.S.C. §§ 327(e), 329(a). That Kerwin was engaged in litigation in state court does not eliminate the requirement of bankruptcy court approval of his employment nor its order requiring disgorgement of his fees. *See In re Samford,* 102 B.R. 724 (Bankr.E.D.Mo.1989).

*See also Carlson v. Durango (In re Ewing),* 54 B.R. 952, 954 (D.Colo.1985) (noting that a person rendering unapproved services to the debtor may be an " 'officious intermeddler or a gratuitous volunteer.' ")

■■■ A majority of courts has held, however, that the bankruptcy courts have the discretion to enter nunc pro tunc retention orders. *See Collier on Bankruptcy, supra* n. 4 (noting that two circuits, the Second and Eighth, adhere to a per se rule that an unapproved attorney may not recover fees). "Such an order, however, should only be entered in the most extraordinary circumstances." *In re Ewing,* 54 B.R. at 955. There is no consensus on what factors may constitute "extraordinary circumstances"; this determination should be made on a case-by-case basis. A number of courts has held, however, that simple neglect on the part of the attorney to file a proper application under § 327 will not justify entry of a nunc pro tunc order. *See, e.g., In re Arkansas Co.,* 798 F.2d 645, 649–50 (3d Cir.1986) (rejecting the notion that inadvertence or oversight can justify retroactive approval; requiring "hardship beyond the professional's control"). The court's decision to deny the entry of a nunc pro tunc retention order is reviewed for an abuse of discretion. *See In re Ewing,* 54 B.R. at 955.

■■■ Case law supports the conclusion that the bankruptcy court did not abuse its discretion in denying nunc pro tunc approval in this case. For example, in *In re Prime Foods of St. Croix, Inc.,* 80 B.R. at 761, the debtor disregarded Code provisions requiring court approval of its attorney, arguing that its status as a debtor out-of-possession obviated the need for § 327 approval, but ignoring the fact that the attorney had provided services while the debtor was in possession. Considering whether retroactive approval was appropriate, the court found no extraordinary circumstances to justify granting the application. "[The debtor's] sole basis for failing to comply with § 327(a) and Rule 2014 lies in his misconception that court approval was not required. Such an excuse is insuf-

ficient and by no means qualifies as 'extraordinary.' " *Id.* Many other courts have limited nunc pro tunc approval to cases in which the failure to comply with § 327 was not due to the professional's own inaction or mistake. *Compare In re Kero–Sun, Inc.,* 44 B.R. 121 (Bankr.D. Conn.1984) *with In re Independent Sales Corp.,* 73 B.R. 772 (Bankr.S.D.Iowa 1987); *In re Samoa Airlines, Inc.,* 70 B.R. 352 (Bankr.D.Haw.1987).

In this case, the bankruptcy court repeatedly advised Kerwin to make application under § 327 and admonished him for failing to do so. There was simply no excuse for Kerwin's failure to adhere to the court's rulings. Had he honestly believed that court approval of his employment was not necessary, the prudent course would have been for him to have complied with the court's wishes and then appeal the resulting order. Kerwin's obstinance in this regard, his lack of preparation and understanding of the legal issues involved, and his wholly inadequate disclosures to the court regarding his fee arrangement overwhelmingly justified the court's ruling in this case.

■■■ The appellants argue, however, that the court could not reject his application and require disgorgement of fees without considering whether the fees were excessive. Whether fees are excessive has nothing to do with the determination whether to enter a nunc pro tunc order under § 327. The sole issue before the court was whether there were exceptional circumstances to justify the appellant's late application for § 327 approval of Kerwin's employment. Had the court determined that such circumstances existed and entered an order retroactively approving Kerwin as the Land's attorney, the excessiveness of fees would have been a determinative issue under the standards established by §§ 328(a) and 330(a) of the Code. However, since the court did not approve Kerwin's employment as the debtors' attorney, no fees are recoverable and there was no

need to consider their excessiveness.[9]

**E. Sanctions.**

 Finally, the Bank has moved for sanctions against Kerwin for the frivolous prosecution of this appeal under Rule 11, Bankruptcy Rule 9011 and 28 U.S.C. § 1927. Under Rule 11 and the analogous Bankruptcy Rule 9011, sanctions are warranted if an attorney files a pleading not well grounded in fact or warranted by existing law or a good faith argument for its extension, or if it is interposed for an improper purpose, such as to harass, cause delay or increase the cost of litigation. *See* Fed.R.Civ.P. 11; Bankr.R. 9011; *Endrex Invs., Inc. v. Mauna Lani Resort, Inc. (In re Endrex Invs., Inc.)*, 111 B.R. 939, 945 (D.Colo.1990). Similarly, under § 1927, an attorney who "multiplies the proceedings unreasonably and vexatiously" is subject to sanctions. 28 U.S.C. § 1927. Under § 1927, the attorney's conduct, viewed objectively, must manifest an intentional or reckless disregard of his duties to the court. *See Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987); *In re Endrex Invs., Inc.*, 111 B.R. at 946.

 I am not called upon to review another judge's ruling on sanctions. Irrespective of counsel's conduct in the court below, the issue here is whether Kerwin's appeal of the order denying nunc pro tunc approval of his employment was objectively reasonable. Certainly some of the issues he raised bordered on the frivolous and reflected counsel's failure to undertake even a cursory examination of applicable statutes and case law (particularly the contention that the Lands were not debtors-in-possession). Despite the assertion of some weak arguments, I cannot say that this appeal was improper under the standards of Bankruptcy Rule 9011 or 28 U.S.C. § 1927. Kerwin's contention that the court approval of his employment was not re-

quired because his fees were paid by third parties could be construed as a good faith argument for the extension of existing law; case law on this issue is not abundant. *See BOH!*, 99 B.R. at 972 (noting that there was apparently no authority discussing this subject). Viewed as a whole, and for the reasons stated above, sanctions against him are not appropriate in this forum.

Accordingly, the bankruptcy court's ruling denying the Land's motion for nunc pro tunc approval of Kerwin as their attorney and ordering disgorgement of his fees is AFFIRMED. The Bank's motion for sanctions is DENIED.

---

9. Moreover, I note that in the October 31 order, the bankruptcy court specifically found that Kerwin

"failed to apply for employment, failed to timely disclose compensation received or apply for compensation, repeatedly filed incomplete and incomprehensible compensation amendments and billing schedules, received substantial compensation without notice to or authority from the Court, *charged fees which appear excessive, unjustified and unreasonable, and performed services which do not appear to have been necessary for, or to the benefit of, the estate.*"

Appendix to Brief of Appellee, Doc. 1 at 15.