**In re Valerie K. AUSTIN, Debtor.**

**No. 9:05BK14156 ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 14, 2006.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

## ORDER ON TRUSTEE'S MOTION FOR ISSUANCE OF AN ORDER DIRECTED TO DAVID MAHLER, AN ATTORNEY LICENSED IN NEW JERSEY, TO SHOW CAUSE WHY HE SHOULD NOT DISGORGE MONEY RECEIVED POST–PETITION FROM THE DEBTOR *(Doc. No. 147)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this case of Valerie Austin ("Debtor"), originally filed under Chapter 13 on July 13, 2005, but converted to a Chapter 7 liquidation case on April 28, 2006, is a Motion for an Order to Show Cause Directed to David Mahler (Doc. No. 147) filed by Robert E. Tardif, Jr., the Chapter 7 Trustee. The Trustee in his Motion alleges that the Debtor contacted David Mahler, an attorney licensed in New Jersey who is currently residing in California for the purpose of obtaining legal advice. It is further alleged that in February 2006 the Debtor paid Mr. Mahler the sum of $20,000 and, according to information provided, it appears that Mr. Mahler and the Debtor agreed that $15,000 of the amount paid to Mr. Mahler had already been earned for his previous consultation services to the Debtor. The Trustee requests in his Motion to issue an Order to Show Cause directing Mr. Mahler to disclose all compensation he received from the Debtor

and order the disgorgement of any fees deemed improper.

At the duly scheduled notice hearing Mr. Mahler appeared initially for the limited purpose of challenging this Court's jurisdiction over him, contending that he has not been doing business in Florida, he has no nexus with Florida and that, while he is an attorney, he is not licensed to practice in Florida and his relationship with the Debtor was not an attorney client relationship. Mr. Mahler claims that he merely acted as a liaison between the Debtor and the Debtor's then counsel of record, the law firm of Miller and Hollander. Mr. Mahler also urged that in the event this Court rejects the jurisdictional challenge that the funds he admittedly received came from properties which were exempt and would not be subject to the administration by the Trustee in a Chapter 7 case. He also contends that $2,500.00 of the money he received from the Debtor was paid to the law firm of Miller and Hollander for representing the Debtor.

Considering the jurisdictional challenge first, Section 329 of the Code authorizes the Bankruptcy Court to reexamine the Debtor's transaction with an attorney and order a disgorgement of monies which are found to be excessive and unreasonable. This Section deals with the Debtor's transactions with attorneys, however, the unique feature of this particular matter before this Court is the fact that although Mr. Mahler is an attorney, he did not appear as counsel of record for the Debtor. In addition, Mr. Mahler represented to this Court that he did not represent the Debtor, but merely acted as a liaison between the Debtor and the law firm of Miller and Hollander.

■ Congress enacted Section 329 of the Bankruptcy Code for the very purpose of preventing the overreaching and charging of excessive fees by attorneys. While Section 329 of the Code could be narrowly read to cover only attorneys who have actually appeared in the case as attorney of record, to do so would be unduly restrictive and would open the door to abuses of the clear policy behind the law. It is true that Mr. Mahler was not and is not counsel of record for the Debtor. It is equally true that the payment made by the Debtor post-petition was not authorized and could be recovered by the Chapter 7 trustee. The fact that Mr. Mahler is not admitted to practice in Florida and has claimed to have no connection with Florida other than his dealings with the Debtor is of no consequence. The Trustee should not be hampered or prohibited from recovering unauthorized payments made to a third party just because that person allegedly did not act as an attorney and claims to have rendered no legal advice.

■ This leaves for consideration Mr. Mahler's alternative contention that the money came from exempt funds and, therefore, it was not property of the estate and cannot be subject to disgorgement. In opposition to the contention of Mr. Mahler, the Trustee contends that, even if it is established that the IRA funds are exempt, it would be inconsequential because the Bankruptcy Court has the power to reexamine the reasonableness of the amount, including the validity of the payment, even if the funds came from exempt funds or from third parties. *See In re Walters*, 868 F.2d 665, 668 (4 Cir.1989).

■ This Court is satisfied that even though Mr. Mahler claims to merely have acted as a "liaison" (a role unknown in bankruptcy and not a recognized status under the Bankruptcy Code) between the Debtor and her local counsel, this Court has jurisdiction to reexamine the reasonableness of the amounts paid and to enter an order of disgorgement whether or not

the money paid was for legal services or was merely an unauthorized payment by a Chapter 13 debtor post-petition. *See In re Grimes,* 115 B.R. 639, 643 (Bankr.D.S.D. 1990). It is clear that based on established precedent, the source of the funds is not relevant to the bankruptcy court's authority to scrutinize the payments for reasonableness and to order the payee to disgorge the unreasonable amounts, returning them to their source. *See e.g. In re Kisseberth,* 273 F.3d 714, 718–19 (6th Cir.2001); *In re Greco,* 246 B.R. 226, 231–33 (Bankr.E.D.Pa.2000). The source of the funds is relevant only with respect to who receives the disgorged funds. *See In re Furniture Corp. of America,* 34 B.R. 46, 46 (Bankr.S.D.Fla.1983); F.R.B.P.2017.

Moreover, it is premature to claim that the property from which Mr. Mahler's fee was made is exempt property. The record reveals that on July 13, 2006, the Trustee filed an Objection to the Debtor's Claim of Exemption, challenging the Debtor's right to claim the residence of the Debtor as a homestead and the Debtor's claim to the monies in the IRA account. (Doc. No. 141). The Trustee also objected to the Debtor's claim of personal property, including funds in the bank and funds in her trust account, contending that the claims exceed the statutory exemption allowance. The Trustee in his prayer for relief requested an order limiting the Debtor's claim of exemption to $1,000 as to personal property and $1,000 equity in one single vehicle. On July 14, 2006, this Court entered a routine Order Sustaining Trustee's Objection to Property Claimed as Exempt (Doc. No. 143), as to the personal property valuation and determined that the exemption shall be limited to $1000 in personal property and $1000 in a single vehicle. It is clear from the record that this Court has not yet ruled on the Trustee's Objection to the Debtor's claim of homestead exemption and to the exemption of funds in the IRA account. The validity of the Trustee's challenge to the Debtor's homestead claim and to the funds in the IRA account has been set for hearing on September 21, 2006 at 9:00 a.m. The funds in the Debtor's IRA are not exempt until this Court has ruled and resolved the dispute in favor of the Debtor and overrules the Trustee's Objection concerning the homestead claim and the exemption claim in the IRA. Consequently, this Court is satisfied that Mr. Mahler's alternative argument is without merit.

Based on the foregoing, this Court is satisfied that Mr. Mahler's challenge to the personal jurisdiction over his person is without merit and his contention that the funds involved are exempt is premature and largely irrelevant to the issue at hand.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED, that the Trustee's Motion For Issuance of an Order Directed to David Mahler, and Attorney Licensed in New Jersey, to Show Cause Why He Should Not Disgorge Money Received Post–Petition from the Debtor (Doc. No. 147) be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED, that Attorney David Mahler shall appear before the undersigned on November 8, 2006, 10:30am. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, and show cause, if there is any, why this Court should not order the disgorgement of the post-petition payments he received from the Debtor.