In re Ronald W. MEYER, d/b/a McCormick Motor Aids and Gail I. Meyer, Debtors.

Bankruptcy No. 82–01569–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

March 4, 1985.

Angus J. Campbell, P.A., West Palm Beach, Fla., for debtors.

Irving E. Gennet, Boca Raton, Fla., Trustee.

Daniel L. Bakst, Johnson & Bakst, P.A., West Palm Beach, Fla., for Trustee.

**4**

## ORDER ON FEES

THOMAS C. BRITTON, Bankruptcy Judge.

At the final meeting of creditors held February 26, three fee applications were before the court: (1) the trustee, $158 (C.P. No. 89), (2) the trustee's attorney, $511 (C.P. No. 91) and (3) the debtor's attorney, $2,112 (C.P. No. 92). The estate totals only $1,099.

This case began two and one-half years ago in August, 1982 as a voluntary chapter 11 petition. The debtors were ordered to file a plan. They obtained an extension. The plan was filed on the last day, December 6, 1982. After nearly eight more months had elapsed, the debtors conceded that they could not fund the plan they had proposed and the case was converted to chapter 7 in July, 1983. (C.P. No. 46).

Of the total remaining estate, the trustee received only $18.67 from the debtors-in-possession. The remainder came from the collection of an account receivable and the sale of a vehicle.

I find the application of the trustee in the amount of $155.96, together with $2.08 in expenses, is reasonable and it is approved in that amount.

The application of the trustee's attorney seeks $500 for 8.25 hours services, including the collection of the account receivable ($780). The application is reasonable and is approved, together with the requested reimbursement for $11 expenses advanced.

The debtors' attorney prepared and submitted a plan, which the debtors were unable to perform. He performed no other significant service during the history of this case. His application fails to comply with the requirements of B.R. 2016(a) and for that reason it is denied.

The debtors' attorney acknowledged at the final meeting of creditors that he had received a total of $4,812 compensation in this case. When his employment was initially authorized by the court in August, 1982, he disclosed the payment of $2,245.38. (C.P. No. 7). He was required by B.R. 2016(a) to disclose all payments in his application for compensation:

"An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received...."

If the compensation was received before the first meeting of creditors, counsel was required to disclose that compensation by filing a written report with the court before the first meeting of creditors. 11 U.S.C. § 329(a) and B.R. 2016(b). He disclosed less than half the amount ultimately received.

If, however, he received the balance after the first meeting of creditors, he did so in disregard of § 330(a) and § 331 which require a written application, notice to creditors, a hearing and a court order to authorize final payment and to authorize any interim compensation.

▮▮▮ The obvious purpose of these requirements is to enable the creditors to review the debtor's transactions with his attorneys and to seek, if necessary, the return of excessive payments made by a desperate debtor to an attorney on the eve of bankruptcy. Section 329. By his conduct in this case, the debtors' attorney has almost frustrated any possibility of any such review. I am reasonably confident that counsel's failure to disclose the full extent of his compensation was the result of neglect rather than design, but the effect upon the administration of the case is precisely the same. I believe that under these circumstances, the pending fee application should be denied.

The trustee is directed on behalf of the creditors to review the debtors' transactions with their attorney and to request a hearing under § 329(b) if the compensation

already received by counsel appears to exceed the reasonable value of the services provided.