In re CENTURY PLAZA ASSOCIATES, Debtor.

Bankruptcy No. 90–22221–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

April 3, 1992.

Steven R. Brownstein, Coral Gables, FL, for debtor.

Steven Turner, Attorney–Advisor, U.S. Trustee.

Marika Tolz, Hollywood, FL, Chapter 11 Trustee.

Jack Weins, Boaca Raton, FL, for Chapter 11 Trustee.

Mark Bloom, Miami, FL, for Midlantic National Bank.

### ORDER ON ORDER TO SHOW CAUSE WHY STEVEN R. BROWNSTEIN SHOULD NOT BE ADJUDICATED IN CONTEMPT OF COURT AND ORDERED TO DISGORGE HIS FEES

SIDNEY M. WEAVER, Chief Judge.

**THIS CAUSE** came before the Court on January 24, 1992 upon an Order To Show Cause pursuant to 11 U.S.C. § 329 and FRBP 2016(b) why Steven Brownstein, Esquire, the attorney for the debtor, should not be adjudicated in contempt of court and ordered to disgorge his fees, and the Court having listened to the arguments of counsel, having reviewed the record, and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusions of law:

Century Plaza Associates (the "debtor") filed a petition under Chapter 11 of the Bankruptcy Code on April 6, 1990. The debtor filed an application to employ Steven Brownstein ("attorney for the debtor") and his law firm as counsel for the debtor-in-possession, and the court entered an order on April 10, 1990 authorizing his employment. Thereafter, the attorney for the debtor filed the disclosure of compensation indicating that he had received a pre-petition retainer of $25,000.00 which was paid by the debtor.

On June 21, 1990, in a subsequent proceeding before this Court, an order was entered declaring that the mortgagee, Midlantic Bank, had perfected its rights under its mortgage and assignment of rents as to certain shopping center property mortgaged by the debtor prior to the filing of the bankruptcy petition. The Court determined that all of the rents and profits generated from the shopping centers were the property of the mortgagee and not cash collateral inasmuch as the mortgagee had properly perfected its assignment pursuant to F.S. § 697.07. The Court granted the mortgagee relief from the automatic stay in order to permit the continuation of the foreclosure proceeding in the state court.

On the state court level, the debtor moved for the rents to be placed in the court's registry pursuant to F.S. § 697.07. The state court entered an order on September 12, 1990, over the objections of the mortgagee, which granted the debtor authority to use the rents in a limited fashion pursuant to a court approved budget. The order also required that monthly reports be filed with the state court reflecting the disbursements made by the debtor. The monthly reports indicate disbursements to the attorney for the debtor from these funds, which this Court had adjudicated as not the property of the estate, for work performed in both the state court action and in the proceedings before this Court. These reports were not filed in the Bankruptcy Court until a request was made by the U.S. Trustee over one year after the state court budget had been approved.

The attorney for the debtor did not disclose receipt of any fees received pursuant to the state court budget as required by 11 U.S.C. § 329 and FRBP 2016(b). The only indications provided to this Court regarding the receipt of the additional fees by counsel, totaling $49,500.00, were as follows:

1. On June 26, 1991, the attorney for the debtor filed an application for compensation and reimbursement for expenses. He requested compensation from the initial outset of the case and indicated that he had received $54,000.00. The application did not state the source of the funds or when they were received.

2. On August 29, 1991, a disclosure statement was filed in conjunction with the plan which indicated that the attorney for the debtor had received more than was stated in the original disclosure of compensation statement but again failed to indicate the source of the funds.

3. An addendum to the fee application was filed on October 3, 1991 which reflected receipt of $73,000 and failed to indicate the source of the sums.

Each of these filings were devoid of the requisite disclosure and explicit itemization regarding the fees and expenses received by counsel and, more significantly, an explanation disclosing the source of the funds.

Prior to the hearing to consider confirmation of the debtor's plan, the U.S. Trustee discovered these undisclosed and unauthorized payments to the attorney for the debtor upon reviewing the state court reports and the bankruptcy court docket. The U.S. Trustee filed a motion to convert this case to a Chapter 7 proceeding based in part on the transactions and payments to professionals which had been made without court approval. The Court confirmed the debtor's plan and directed that an Order To Show Cause Issue against counsel for the debtor directing him to appear and show cause why he should not be adjudicated in contempt of Court and ordered to disgorge the fees received by him in connection with this case, as well as with the state court proceeding. Concurrently, the Court entertained the second addendum and final fee

**352**

application filed by counsel, wherein he requests an additional fee of $29,339.50.

■ Section 329(a) of the Bankruptcy Code states:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. 11 U.S.C. § 329(a).

The rationale for this provision is to subject the payments made to the debtor's attorney to strict scrutiny by the bankruptcy court. The Court has a significant interest in protecting creditors and preventing overreaching by the debtor's attorney can provide serious potential for evasion of the rights and protection afforded creditors under the Bankruptcy Code. Moreover, FRBP 2016(b) complements and enhances our understanding of § 329 by providing as follows:

> *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate to the attorney's law firm shall not by required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

■ These provisions vest the Bankruptcy Court with the authority to review all professional fees paid to the debtor's attorney. Moreover, the Court's authority to review professional fees was recognized in *In re Furniture Corporation of America,* 34 B.R. 46, 46 (Bankr.S.D.Fla.1983), wherein this Court stated that once § 329 is deemed controlling, "any payment made to any attorney representing a debtor in connection with a bankruptcy proceeding is reviewable by the court notwithstanding the source of payment and that the source of payments is relevant only with respect to who will get the return of an excessive payment." Disclosure of fees is a fundamental concept in bankruptcy and was of paramount import to Congress when enacting the Bankruptcy Code of 1978. Integrity is at the heart of the bankruptcy system and disrepute would result from inadequate disclosure, whether resulting from negligence or absent bad faith. *In re B.E.S. Concrete Products, Inc.,* 93 B.R. 228 (Bankr.E.D.Cal.1988).

■ The statutes and rules governing disclosures and their violations have been strictly construed as noted by the court in *In The Matter of Kero–Sun,* 58 B.R. 770 (Bankr.D.Conn.1986). In addressing the inadequate disclosure of the debtor's attorney, the court stressed that "no exceptions are to be made based upon inadvertency, slipshoddiness or good faith." *id.* at 780. The failure of the debtor's attorney to file a statement of compensation paid or agreed to be paid, along with full and adequate disclosure, may result in disallowance of the requested fees. *In re Kero–Sun, Inc.,* 58 B.R. 770 (Bankr.D.Conn. 1986); *In re Meyer,* 50 B.R. 3 (Bankr. S.D.Fla.1985).

■ The instant case is analogous to *In re Kero–Sun, Inc.,* 58 B.R. 770 (Bankr. D.Conn.1986) wherein the attorney for the debtor received funds from a third party without disclosing this fact to the court as required by § 329. The *Kero–Sun* court asserted that it was improper for the debtor's attorney to receive fees from third parties without disclosure to the court, regardless of any intentions to disclose the

sum when applying to the court for professional fees. Furthermore, the court noted that a debtor's attorney may not receive post petition payments directly from any interested party, the debtor or otherwise without disclosure and court review. The sanction imposed upon the attorney for the debtor was forfeiture of the sum received from the third parties which the firm was holding in escrow. *In re Kero–Sun, Inc.,* 58 B.R. 770 (Bankr.D.Conn.1986).

The debtor's attorney in this case received compensation from the rents which were adjudicated not property of the estate. Although the monies were paid to counsel pursuant to the state court budget, counsel received compensation and failed to disclose it to this Court. Section 329 and FBRP 2016(b) require counsel to make disclosure in this Court by a supplemental filing within 15 days after any payment is received or agreement for the payment of fees is made, if either of these matters have not been previously disclosed regardless of the source of the compensation. Debtor's attorney failed to meet the requirements of these provisions. The indications made by the attorney for the debtor in the fee applications and the disclosure statements filed in this Court fail to meet the disclosure requirements imposed by 11 U.S.C. § 329 and FRBP 2016(b). The disclosure statements and fee application filed by the attorney for the debtor contained a simple blanket statement of the fees received without providing an itemization of the services rendered explaining the time expended by counsel, the nature of the services performed, and an accounting of the fees paid to him by the debtor. A properly filed statement disclosing the fees received and the source of the payment would permit this Court to make a determination as to the reasonableness of the fees received by counsel. The attorney for the debtor, having failed to adequately account for the fees received, has violated the governing Code provisions. Hence, this Court must make a determination as to the appropriate sanction for this violation of the Code.

■ Counsel failed to meet the requirements of § 329 and FRBP 2016(b). However, once these omissions were brought to the attention of the Court by the U.S. Trustee, counsel for the debtor cooperated fully with the U.S. Trustee and provided all of the documentation regarding the professional fees received by him. Presently, counsel has received and utilized the funds itemized in the state court budget. Since the attorney for the debtor has been cooperative with the inquiries made by the U.S. Trustee, this Court sanctions counsel by prohibiting him from seeking any further compensation for professional fees from this estate. Therefore, this Court will deny the compensation sought by counsel in the second addendum to his final fee application.

■ This Court is keenly jealous of protecting the integrity of the judicial process and extensive judicial resources are invested in setting and reviewing fees. Strict adherence to the Bankruptcy Code shall be maintained and deficiencies in disclosure will not be tolerated if the public confidence in the Bankruptcy Court system is to be preserved. The Court has a duty to prevent even the most minute taint of impropriety occasioned by an attorney's failure to disclose the receipt of fees and the source of the payment, and any impropriety will be inflexibly adjudicated including the possible disgorgement of all fees received by counsel.

Counsel has cooperated extensively with all of the Trustee's inquiries and has agreed to provide a statement itemizing the money received from the debtor. Therefore, the court will approve the funds already received by counsel and deny his present application for additional fees in the amount of $29,339.50.

Based on the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that the Order To Show Cause Why Steven R. Brownstein, Esquire, Should Not Be Adjudicated In Contempt Of Court is hereby discharged. Counsel is hereby precluded

from seeking any further compensation from this estate.

**DONE AND ORDERED.**