**In re D.L.I.C., INC., Debtor.**

**Bankruptcy No. 89 B 20609.**

United States Bankruptcy Court, S.D. New York.

Oct. 24, 1990.

Scolari, Brevetti, Goldsmith & Weiss, P.C., New York City, for Pastifico Matagliati, S.p.A. and Sefind, S.p.A.

Schwartz, Cohen & Ruderman, White Plains, N.Y., for debtor.

## DECISION ON MOTION REGARDING RETAINER PAID TO DEBTOR'S ATTORNEYS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Pastifico Matagliati, S.p.A., and Sefino, S.p.A., two unsecured, general creditors of the Chapter 7 debtor, D.L.I.C., Inc., object to the $17,000.00 retainer fee for legal services which the debtor paid to its attorneys before filing its Chapter 11 case. The Chapter 11 case was ultimately converted to a case under Chapter 7 of the Bankruptcy Code. The attorneys for the objecting creditors, who also represent a 50% shareholder of the debtor who has guaranteed repayment of the debtor's obligations to the debtor's largest secured creditor, argue that the fee is excessive.

The debtor's attorneys appeared for examination by the objectant's counsel and submitted their computerized printout which reflects legal services performed on behalf of the debtor in anticipation of the

Chapter 11 case, during the Chapter 11 case and during the Chapter 7 case. The total billable services amount to $28,450.00. The debtor's attorneys have not applied for an order approving their legal services and are content to look to the $17,000.00 prepetition retainer in satisfaction of their legal services for the debtor. The Chapter 7 case is still active and the Chapter 7 trustee has not yet filed his final report.

## DISCUSSION

In accordance with 11 U.S.C. § 329(a), any attorney representing a debtor in a bankruptcy case, whether or not such attorney applies for compensation in such case, must file with the bankruptcy court a statement of the compensation paid or agreed to be paid for services in connection with the case, which payment or agreement was made within one year before the commencement of the bankruptcy case. Additionally, if such compensation exceeds the reasonable value of such services, the court may order the return of any payment if the payment would have been property of the estate. *See* 11 U.S.C. § 329(b)(1)(A). Additionally, the court may review debtor's payment for legal services if such payment was to be made under a plan under Chapter 11, 12, or 13 of the Code. In the instant case the debtor's Chapter 11 case was converted to Chapter 7 of the Bankruptcy Code, so that the payment made to the debtor's attorneys in this case would not be made under a plan. Bankruptcy Rule 2017(a) supplements 11 U.S.C. § 329 and authorizes a party in interest, or the court on its own initiative, to determine if legal fees paid by a debtor in contemplation of a bankruptcy case are excessive.

The critical question in this case is whether or not the retainer which the debtor paid to its attorneys should be regarded as property of the estate as expressed in 11 U.S.C. § 329(b)(1)(A). Had the debtor's attorneys applied for an allowance for the legal services which they performed, this court would not then be concerned with the concept of property of the estate because 11 U.S.C. § 328 expressly authorizes the bankruptcy court to determine the amount to be allowed a debtor's attorneys for legal services in accordance with the standards delineated under Bankruptcy Rule 2016.

The fact that the debtor's attorneys have not applied for an allowance for the legal services they performed for the debtor either in the Chapter 11 case or in the converted Chapter 7 case means that the retainer they received from the debtor is not subject to the fee application process governed by 11 U.S.C. §§ 327, 328, 329, 330 and 331. Nonetheless, the bankruptcy court may require excessive retainers to be refunded to the estate if the amounts paid under the retainer would have been property of the estate within the meaning of 11 U.S.C. § 541 and as expressed in 11 U.S.C. § 329(b)(1)(A).

Not all prepetition retainers paid to debtor's attorneys can be regarded as property of the estate. The court must look to state law to determine the extent of a debtor's interest in a retainer in order to resolve the issue as to whether or not the retainer is property of the estate under 11 U.S.C. § 541. *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989, 997 (Bankr. N.D.Ill.1990). There are various types of retainers. A flat fee retainer is one which covers all services to be rendered by the attorneys for the debtor in a bankruptcy case and not regarded as belonging to the debtor after payment is made. *Matter of Fulton,* 80 B.R. 1009 (Bankr.D.Neb.1988). In some states, retainers paid in contemplation of Chapter 11 cases are not considered flat fee retainers, but are held by the attorneys for professional services to be rendered as requested by the debtor. *See In re Burnside Steel Foundry Company,* 90 B.R. 942 (Bankr.N.D.Ill.1988). In other states, Chapter 11 retainers are treated as property of the debtor's estate until court approval is obtained for the actual legal services rendered. *See In re C & P Auto Transport, Inc.,* 94 B.R. 682 (Bankr.E.D. Cal.1988).

However, this court must look to the laws of the State of New York to determine whether retainer fees paid prior to the institution of a bankruptcy case are property of the debtor's estate. The New

York State Bar Association Committee on Professional Ethics, Opinion 570 (1985) concluded that attorneys may agree with their clients to treat fee advances as client funds with the result that such funds must be deposited in a client trust account. Absent such an agreement, the New York State Bar Association Committee on Professional Ethics states that attorneys may deposit advance fee payments in their general trust accounts. *See* Brickman, *The Advance Fee Payment Dilemma: Should Payments Be Deposited to the Client Trust Account or to the General Office Account,* 10 Cardozo L.Rev. 647 (1989). According to the *Brickman* article, along with New York, the District of Columbia, Florida, Hawaii, Illinois, Maryland and Pennsylvania conclude that retainers may be treated as advance payment of fees, belonging to the attorney when transferred. 10 Cardozo L.Rev. at 655 n. 48. In such case, the client retains no interest in the retainer and it does not become property of the estate and is subject only to disclosure under 11 U.S.C. § 329. *See In re McDonald Bros. Construction, Inc.,* 114 B.R. at 1000. Therefore, it is a question of fact as to whether or not a specific retainer was intended by the parties as a security retainer, which may be property of the estate, or an advance payment, which belongs to the attorney and is not property of the debtor client's estate.

In the instant case, there was no evidence as to whether or not the retainer agreement was written or verbal, nor was there any evidence as to what the parties intended when the debtor advanced the prepetition retainer funds to the attorneys for the debtor. Moreover, there was no evidence as to how the attorneys treated the funds, in which account they deposited the money, whether or not the objecting creditors challenged the debtor's attorneys' treatment of the retainer or that such treatment was improper. Accordingly, the court is unable to determine that the prepetition retainer which the debtor paid to its attorneys before the Chapter 11 case was commenced should be regarded as property of the estate within the meaning of 11 U.S.C. § 541.

In light of the facts that the Chapter 7 case has not been closed and the Chapter 7 trustee has not filed his final report, it follows that the Chapter 7 trustee is free to inquire as to the manner in which the debtor's attorneys treated the prepetition retainer and if such treatment was proper. However, the objecting creditors have not presented sufficient facts for this court to sustain their objection, which is dismissed for lack of evidence as to whether or not the prepetition retainer should be regarded as property of the estate.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The objecting creditors have failed to sustain their burden of proof with respect to their objections to the reasonableness of the retainer funds which the debtor paid to its attorneys before the commencement of the Chapter 11 case, which has since been converted for liquidation under Chapter 7 of the Bankruptcy Code.

3. In the absence of an application for an allowance or approval of their fees for legal services, this court may direct a return of an excessive payment for legal services to be performed by attorneys for the debtor only if such prepetition retainer would have been property of the estate or was to be paid under a plan under title 11, as stated in 11 U.S.C. § 329(b)(1).

4. In view of the fact that the debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code, the prepetition retainer which the debtor paid to its attorneys, which was disclosed in accordance with 11 U.S.C. § 329(a) may be refunded as excessive only if such retainer fee would have been property of the estate as stated in 11 U.S.C. § 329(b)(1)(a).

5. Because the objecting creditors have not established that the prepetition retainer which the debtor paid to its attorneys should be regarded as property of the estate, within the meaning of 11 U.S.C.

§ 541, it follows that their objection on the ground of excessiveness is hereby dismissed.

IT IS SO ORDERED.