**In re KEY LARGO LAND, INC. and Zivadin Krstic, Debtors.**

**Bankruptcy Nos. 91–15767–BKC–AJC, 92–11475–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Aug. 5, 1993.

Drew Sheridan, Marc Anthony Douthit, Miami, FL, for debtor.

ORDER ON DEBTOR'S MOTION TO DISGORGE FEES AND/OR TO COMPEL FEE APPLICATION OF DREW SHERIDAN

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE having come on before this Court on Debtor's Motion to Disgorge Fees

and/or Compel Fee Application of Drew Sheridan, former Bankruptcy Counsel, and the Court having heard argument of Counsel on July 16, 1993 and being otherwise fully apprised of the premises would state the following:

On February 25, 1992 Drew Sheridan (Sheridan) was authorized to be retained as counsel for the debtor, Key Largo Land, Inc. in these Chapter 11 proceedings. The Order authorizing his retention stated that his compensation shall be determined later consistent with Section 330 of the Bankruptcy Code. On March 12, 1993 Sheridan did file his Amended Disclosure of Compensation pursuant to Bankruptcy Rule 2016, which indicated that he was paid or was promised to be paid a total of $10,000.00. The Disclosure Statement indicated that the funds paid were the personal funds of the sole shareholder of the debtor.

█ The questions before this Court is whether as a result of these funds having been paid by a third party, no fee application need be filed by Sheridan. And further, whether the fees paid to Sheridan exceeded the reasonable value of his services.

█ *In Re: Office Furniture Corporation of America*, 34 B.R. 46 (S.D.Fla.1983), provides a factual situation remarkably similar to the one currently before this Court. There, the prior Attorney for the debtor relied upon former Bankruptcy Rule 60(d) as justification for not filing a fee application. The holding of *In Re: Office Furniture Corp.* is clear. "Any payment made to an attorney representing a debtor in connection with a bankruptcy proceeding is reviewable by the court notwithstanding the source of payment and that the source of payment is relevant only with respect to who will get the return of an excessive payment."

█ To accept the proposition of Mr. Sheridan in his Response to the Motion would limit this Courts review of the fees to only the arrangements made at the beginning of the attorney's representation. It would not allow any inquiry into whether the actual work done by the attorney justified the fees. It is clear that this was not the purpose of section 329. The court cannot conduct a careful review of the fees paid without having full knowledge of their relationship to the work performed. This is the purpose of the fee application. It must provide sufficient detail for the court to determine what work was done, by whom it was done, how long it took to do, whether there has been any duplication of effort and what results were achieved. *In re: Office Products of America*, 136 B.R. 964 (W.D.Tex.1992).

Section 329 was enacted in response to the concern that payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor' attorney, and should be subject to careful scrutiny. *In Re: Land*, 116 B.R. 798 (D.Colo.1990).

█ In the case at hand, Mr. Sheridan was counsel for the debtor for only a few months. Indeed, on the day he filed his Amended Disclosure of Compensation under Rule 2016, he simultaneously filed a Motion to Withdraw as counsel. This Court has the power and the obligation to carefully review the fees paid in relationship to the actual work performed. *In Re: Chapel Gate Apartments, Ltd.*, 64 B.R. 569 (N.D.Tex.1986). To rule otherwise would defeat the purpose of both sections 329 and 330.

The exhibits attached to Mr. Sheridan's Response to the Motion illustrate this point. Unless this court has the opportunity to review the services performed by Mr. Sheridan, it cannot adequately enforce the provisions of section 329. *In Re: BOH! Ristorante, Inc.*, 99 B.R. 971 (9th Cir. BAP 1989).

Since the Motion filed by the debtor sought to disgorge fees and/or compel the filing of a fee application, this Court can deal with these issues independent of one another. His reliance on *In Re: McDonald Bros. Construction, Inc.*, 114 B.R. 989 (N.D.Ill.1990) does not help him to avoid our analysis under section 329. The response filed by Mr. Sheridan to the Motion

sets out essentially the elements needed for a proper fee application. There is sufficient information for an interested party to make an informed evaluation of the services that were performed. Should Mr. Sheridan wish to supplement the information, he has already provided, he is free to do so.

A further hearing shall be held on the fees paid to Mr. Sheridan to determine the extent they exceed the reasonable value of the services performed, pursuant to section 329.

DONE and ORDERED.