## In re DEES LOGGING, INC., Debtor.

### Bankruptcy No. 92-60398.

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

Aug. 19, 1993.

Sarah M. Tipton–Downie, Vidalia, GA, for debtor.

Columbus Gilmore, Atty.–Advisor, Office of the U.S. Trustee, Savannah, GA, for the U.S. Trustee.

*MEMORANDUM AND ORDER ON APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL, APPLICATION FOR ALLOWANCE OF COMPENSATION, AUTHORITY TO DRAW AGAINST RETAINER AND U.S. TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY FEES*

JOHN S. DALIS, Bankruptcy Judge.

Debtor seeks retroactive employment of counsel and approval of attorney fees. The United States Trustee seeks its quarterly fees from the monies paid to counsel by the debtor. Having heard and fully considered the evidence, I enter the following Order in favor of debtor's counsel.

## FINDINGS OF FACT

Dees Logging, Inc. filed a chapter 11 petition on July 28, 1992. Prior to the filing of the bankruptcy petition, the debtor paid $1,600.00 to attorney Sarah M. Tipton–Downie. Of these monies, Six Hundred and No/100 ($600.00) Dollars was paid to the clerk for the filing fee and the balance of $1,000.00 was retained by Ms. Tipton–Downie for services to be rendered in connection with the case. The debtor agreed to compensate her at the rate of $75.00 per hour. The chapter 11 case was involuntarily converted to a chapter 7 case on January 21, 1993.

Subsequent to the conversion, the United States Trustee filed a chapter 7 proof of claim for $750.00 arising from unpaid quarterly fees due under 28 U.S.C. § 1930. Based on the Bankruptcy Rule 2016(b) Statement of Attorney Compensation filed by Ms. Tipton–Downie in the chapter 11 case, the U.S. Trustee determined that she had been given a sum of money by the debtor. Because no authorization of employment or authorization to draw on that fund had yet been obtained, on March 18, 1993 the U.S. Trustee moved to have that fund declared property of the estate and to have that fund used to satisfy his claim.

After the U.S. Trustee's motion was filed, on April 1, 1993 Ms. Tipton–Downie sought allowance to draw against the fund for the 35.25 hours of work that she had performed in this case both as a chapter 11 and chapter 7 case and additionally sought approval of the $600.00 filing fee as an actual and necessary expense. The trustee objected to this motion on the grounds that no application for employment had been filed and that his motion for disgorgement of attorney fees was pending. Subsequently, on April 13, 1993 the debtor filed its application to employ Ms. Tipton–Downie as its attorney *nunc pro tunc* to July 2, 1992.

## CONCLUSIONS OF LAW

First, debtor's application to employ Ms. Tipton–Downie *nunc pro tunc* as its counsel must be resolved. The U.S. Trustee objects to this request on the basis that services rendered by a professional to the bankruptcy estate require advance approval by the court and that in the absence of such approval professionals perform such services at their peril. The U.S. Trustee contends that retroactive approval of employment should only be granted in exceptional circumstances and that such circumstances are not present here.

■■■■ Retroactive appointment and approval of attorney fees are allowed. The court has at all times the right and duty to regulate the identity of and compensation of professionals who render services to a debtor in this court. *In re Morgan*, Chapter 11 Case No. 89–40074, slip op. at 5 (Bankr.S.D.Ga. Aug. 11, 1989) (Davis B.J., citing *In re Arkansas Co., Inc.*, 798 F.2d 645 (3rd Cir.1986); *Fanelli v. Hensley (In re Triangle Chemicals, Inc.)*, 697 F.2d 1280 (5th Cir.1983); *Cohen v. United States (In re Laurent Watch Co.)*, 539 F.2d 1231 (9th Cir.1976); *Stolkin v. Nachman*, 472 F.2d 222 (7th Cir.1973)). *See also In re Concrete Products, Inc.*, Chapter 11 Case No. 88–20540, slip op. at 46 (Bankr.S.D. Ga. February 7, 1992) (Davis, B.J.). If an attorney does fail to obtain timely approval of employment and is later found to be disqualified for cause shown, that attorney may be wholly uncompensated for any services rendered. In the absence of advance court approval, an attorney is performing services at his or her own risk. However, the court does have the discretion to approve an attorney's employment and allow for retroactive compensation.

■■■■ In this case, Ms. Tipton–Downie is otherwise qualified to practice in this court and would have been appointed at the beginning of this case had the application been timely filed. In addition, she has shown that no prejudice has been suffered as a result of her late application for employment. There is no compelling reason to deny a retroactive employment order. This court retains complete control over the allowance of professional fees, thereby preventing any overreaching or improper activity of counsel before or after approval of employment. *See In re Morgan*, Chapter 11 Case No. 89–40074, slip op. at 5, 6 (Bankr.S.D.Ga. Aug. 11, 1989) (Davis, B.J.). Accordingly, the employment of Ms. Tipton–Downie as debtor's counsel retroactive to July 28, 1992, the date of filing, is approved.

The second issue before the court is whether debtor's counsel or the U.S. Trustee is entitled to the fund of money given to counsel by the debtor pre-petition. The U.S. Trustee has filed a proof of claim in the amount of $750.00 for unpaid quarterly fees due him under 28 U.S.C. § 1930(a)(6). That section provides, in pertinent part:

> In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 ... for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first.

The U.S. Trustee seeks to have this claim paid out of the pre-petition funds given by the debtor to its counsel. The U.S. Trustee contends that the fund remained property of the bankruptcy estate when the chapter 7 conversion order was entered and that counsel's right to these funds is not fixed

until this court authorizes counsel's fee request. Consequently, according to the trustee, as property of the estate, these funds are available for payment of the quarterly fees now due.

Whether a fund paid to counsel pre-petition by a debtor in a particular case is property of the estate depends on the nature of that fund. A true "retainer" in a bankruptcy context means an engagement fee paid to and earned by the attorney for the attorney agreeing to represent the debtor in the bankruptcy proceeding or a flat fee paid to the attorney for all the services to be rendered in that case. *In re Georgian Arms Properties*, Chapter 11 Case No. 89–10313, slip op. at 4 (Bankr. S.D.Ga. March 1, 1990) (Dalis, B.J.). Because these retainers are deemed fully earned pre-petition, they are not property of the estate. *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 944–45 & n. 1 (Bankr.N.D.Ill.1988). Conversely, a payment which is given to secure at least partially the future payment of an unknown amount of services to be rendered on behalf of the debtor in the future is not fully earned pre-petition and remains property of the estate until awarded to the attorney by court order. *In re Georgian Arms Properties*, Chapter 11 Case No. 89–10313, slip op. at 5; *See In re Chicago Lutheran Hospital Association*, 89 B.R. 719, 734 n. 4 (Bankr.N.D.Ill.1988); *In re Printing Dimensions, Inc.*, 153 B.R. 715, 722 (Bankr.D.Md.1993).

In determining the true nature of a "retainer" agreement,

[b]arring a clear expression of an understanding between the debtor and debtor's attorney that the payment to the attorney made prior to the filing of a Chapter 11 bankruptcy petition and in contemplation of that petition is a flat fee for all services to be rendered by the attorney in connection with the bankruptcy proceeding, the funds paid will be construed by this court as a payment to secure the payment of past and future services rendered by the attorney in connection with the case, remain property of the estate, and are not earned fees and reimbursement for out-of-pocket expenses until approved by this court.

*In re Georgian Arms Properties*, Chapter 11 Case No. 89–10313, slip op. at 7. The Bankruptcy Rule 2016(b) Statement of Attorney Compensation filed by debtor's attorney in this case states that the debtor has paid to the attorney $1,000.00 and further provides that the debtor agrees to pay $75.00 per hour for the attorney's services. In her application for fees, debtor's counsel states that she has spent 35.25 hours working on the case since July 2, 1992 and that the reasonable value of such services is $75.00 per hour. Finally, debtor's counsel seeks to have the $1,000.00 payment credited against the compensation allowed for professional services rendered. Taken together, these factors clearly establish that the "retainer" in this case was meant to secure future payment for an unknown amount of services to be rendered in the case. Accordingly, the money given to debtor's attorney is property of the estate.

Because the fund is property of the estate until awarded by this court, the U.S. Trustee contends that the fund should be available to pay his claim for past due quarterly fees. He further asserts that his claim is entitled to a first priority under § 507 of the Bankruptcy Code which provides, in pertinent part:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28 [28 U.S.C. §§ 1911 et seq.]

11 U.S.C. § 507(a)(1). While § 507 clearly establishes that a quarterly fee due under 28 U.S.C. § 1930 is entitled to a priority status, it does not follow that this claim can be satisfied out of funds held by counsel.

The fund in this case was given "*to secure* at least partially the future payment of an unknown amount of services to be rendered on behalf of the debtor in the future, and as such, ... remains property of the estate until awarded to the attorney by court order." *In re Georgian Arms*

*Properties,* Chapter 11 Case No. 89–10313, slip op. at 5 (emphasis added). An attorney who receives a fund of money to secure future payment of attorney fees becomes a secured creditor with a possessory perfected security interest in those monies to the extent that the retainer covers the fees approved by the court for the services performed. *Accord In re Chicago Lutheran Hospital Association,* 89 B.R. at 734 n. 4; *In re Burnside Steel Foundary Co.,* 90 B.R. at 944; *In re Matthews,* 154 B.R. 673, 676 & n. 3 (Bankr.W.D.Tex.1993); *In re K & R Mining, Inc.,* 105 B.R. 394, 397–98 (Bankr.N.D.Ohio 1989).

▆▆▆▆▆ As a pre-petition fund taken by an attorney is, to the extent of the approved fees, collateral to secure payment of the approved fees, it cannot be used to satisfy the debts owed unsecured claimants under § 507, regardless of their priority. Section 507 establishes priority only among unsecured creditors and satisfaction of their claims is from distribution of unencumbered assets. *See In re Cascade Hydraulics and Utility Service, Inc.,* 815 F.2d 546, 548 (9th Cir.1987). Administrative expenses and costs cannot be charged against secured collateral. *In re Saybrook Manufacturing, Co.,* 130 B.R. 1013, 1021 (Bankr.M.D.Ga.1991); *In re Swann,* 149 B.R. 137, 143 (Bankr.D.S.D.1993).[1] While the U.S. Trustee's claim for unpaid quarterly fees is not an "administrative expense" as defined in § 503(b) of the Bankruptcy Code, as an unsecured claim placed in the same priority class in § 507(a)(1) as administrative expense claims, it should be treated in the same manner as an "administrative expense." Accordingly, to the extent of any approved fees, the fund held by counsel is deemed collateral securing payment of the approved fees and is not available to satisfy the U.S. Trustee's claim.

Having approved Ms. Tipton–Downie's retroactive employment as debtor's attorney, I now turn to consideration of her application seeking allowance of attorney fees and authorization to draw against the fund securing payment. The legal framework for an award of attorney fees is established by 11 U.S.C. § 330. That section provides in relevant part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, ... the court may award to ... the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

▆▆▆▆▆ In her fee application counsel requests approval of the $600.00 chapter 11 filing fee paid through her pre-petition as an actual and necessary expense. This is not an expense incurred by counsel. The debtor paid the filing fee through counsel. This is merely the payment of the filing fee at filing by the debtor and not an out-of-pocket expense of counsel. In addition, counsel seeks approval for attorney fees rendered in connection with her representation of the debtor in the amount of 35.25 hours at $75.00 per hour or a total fee of $2,643.75, with allowance to draw against the $1000.00 fund for partial payment of these fees. In connection with this request no objection has been raised as to the number of hours devoted to debtor's representation or to the documentation supplied in support of the application. I find the application contains a detailed breakdown of the time expended on and adequate explanations of the various work performed, including the nature and substance of various meetings, conversations and telephone calls. Further, the hours devoted by counsel represent a reasonable number of hours for the services rendered. The hourly rate of $75.00 is also reasonable in light of the quality of representation given and the

---

1. There is one limited exception to this rule, not applicable in this case. Under 11 U.S.C. § 506(c), reasonable costs and expenses incurred in disposing of, or preserving, the secured property may be charged against a lienholder to the extent those expenses benefit such lienholder.

skill and ability of the attorney representing the debtor. Accordingly, the lodestar amount is set at $2,643.75 as requested by the debtor's counsel. *See Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir.1988). Based on these findings, compensation in the amount of $2,643.75 as sought by debtor's counsel is allowed and authority to draw against the $1,000.00 fund is granted. Furthermore, because the amount of the approved fees exceed the fund given to secure payment of those fees, no portion of the fund is available to satisfy the $750.00 claim of the U.S. Trustee.[2]

It is therefore ORDERED that the debtor's application for order authorizing retroactive employment of Sarah M. Tipton–Downie as counsel for the debtor is granted; it is further

ORDERED that the application of debtor's counsel for approval of attorney fees in the amount of $2,643.75 is granted; it is further

ORDERED that debtor's counsel is allowed to draw against the $1000.00 fund received pre-petition as the source for payment of approved attorney fees; it is further

ORDERED that the attorney's application for a determination of the $600.00 paid as a filing fee to be out-of-pocket expenses of counsel is denied as a payment by the debtor not counsel; and it is further

ORDERED that the United States trustee's motion for disgorgement of attorney fees is denied; and it is further

ORDERED that the United States trustee's objection to debtor's application for order authorizing employment of counsel is overruled.

---

**2.** The fees awarded debtor's counsel are secured only to the extent of the $1,000.00 fund. The remaining awarded but unpaid fees of $1,643.75 represent an unsecured claim to be dealt with under the Bankruptcy Code's scheme of distribution.