**In re Richard Thomas ZUKOSKI a/k/a Richard T. Zukoski, Debtor.**

**Bankruptcy No. 97–10076–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 24, 1998.

Peter N. Hill, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for debtor.

Marie E. Henkel, Orlando, FL, trustee.

1. Unless otherwise noted, all statutory sections reference Title 11 of the United States Code.

2. In the first application for fees and costs submitted by WHM & H, Hill stated that the

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on May 6, 1998, on the Motion for Determination of Entitlement to Unearned Retainer as of Date of Conversion from Chapter 11 to Chapter 7 (the "Motion") (Doc. No. 72) filed by debtor's counsel, the law firm of Wolff, Hill, McFarlin & Herron, P.A. ("WHM & H"). WHM & H had received a prepetition retainer of approximately $20,000 from the debtor, Richard Zukoski (the "Debtor"). Shortly after filing this case as a Chapter 11 reorganization, the Debtor voluntarily converted the case to a Chapter 7 liquidation proceeding. Marie Henkel was appointed as the Chapter 7 Trustee (the "Trustee"). The issue raised by the Motion is whether WHM & H must turn over the unearned portion of the retainer to the Trustee. After reviewing the pleadings, the argument of counsel and applicable law, the Court concludes that WHM & H must return the unearned balance of the retainer to the Trustee.

*Background.* On December 5, 1997, the Debtor filed a Chapter 11 bankruptcy petition (Doc. No. 1). On December 19, 1997, the Debtor filed his application (the "Application") to retain WHM & H as his attorneys under Sections 327, 328 and 329 of the Bankruptcy Code[1] (Doc. No. 9). WHM & H also filed a Verified Statement of Proposed Attorneys and Disclosure of Compensation in accordance with Sections 328(a) and 329(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016. The law firm disclosed that WHM & H was paid $919.00[2] prior to filing of the Chapter 11 case and that WHM & H received a retainer in the amount of $19,221.00[3] to be held in trust as a condition to

fees were $793.00 instead of $919.00 (Doc. No. 59) at ¶ 4(B).

3. Also, in the first application for fees and costs submitted by WHM & H, Hill stated that

represent the Debtor. *Id.* at ¶ 2(c) & (d). WHM & H did not disclose who paid the retainer.

On January 8, 1998, an order was entered authorizing employment of WHM & H (the "Retention Order") (Doc. No. 17). The Retention Order provided that WHM & H can receive compensation as may be allowed upon application under Section 330. *Id.* at ¶ 1. The Retention Order further allowed WHM & H to bill against the retainer on a monthly basis, until May 6, 1998, for its costs and for 70% of its fees subject to final approval by this Court. *Id.* at ¶ 2.

On February 18, 1998, the Debtor voluntarily converted his Chapter 11 case to this Chapter 7 proceeding (Doc. No. 42). On March 18, 1998, WHM & H filed its First Application for Allowance of Attorney's Fees and for Reimbursement of Expenses (the "Application") (Doc. No. 59) seeking compensation for the work they performed before the case was converted to Chapter 7. *Id.* at ¶ 8. WHM & H requested fees in the amount of $4,894.00 and expenses in the amount of $289.00. Assuming these fees and costs are allowed in full, the amount of the unearned retainer equals $14,024.00 (the "Unearned Retainer") (Doc. No. 72) at ¶ 4. It is this amount that the Trustee requests from WHM & H.

*Overview of Attorney Employment Provisions.* Under Section 327(a), the trustee may, with court approval, employ one or more attorneys to represent the trustee in the bankruptcy case. 11 U.S.C. § 327(a). A debtor-in-possession in a Chapter 11 case generally has the same rights and duties as a trustee, including the right to retain counsel. 11 U.S.C. § 1107(a). Section 328(a) permits the court to approve the terms and conditions of employment, including the payment of a retainer, under Section 327, as long as the terms are reasonable. 11 U.S.C. § 328(a).

Under Section 329(a), an attorney representing a debtor, whether or not such at-

torney applies for compensation, shall file with the court a statement of compensation "if such payment or agreement [of compensation] was made after one year before the date of the filing of the petition, for services rendered or to be rendered. . . ." 11 U.S.C. § 329(a). In addition, the attorney must disclose the source of the compensation. *Id.* If the attorney's compensation exceeds "the reasonable value of any such services," the court may cancel the agreement or order the return of any excessive payment to either: .(1) the estate, if the payment would have been property of the bankruptcy estate or if the payment was to be paid by or on behalf of the debtor under Chapter 11; or (2) the entity that made the payment. 11 U.S.C. § 329(b).

■ Clearly, Section 329 authorizes the court to review a Chapter 11 debtor's prepetition transactions with its attorney. *See, e.g., In re NBI, Inc.,* 129 B.R. 212, 218 (Bankr.D.Colo.1991). In fact, debtor's attorneys must formally request compensation, regardless of the source of payment, for the court to scrutinize. 11 U.S.C. § 329; *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989, 995 (Bankr. N.D.Ill.1990). The legislative history for Section 329 explains this requirement.

> Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.

*In re McDonald Bros. Construction, Inc.,* 114 B.R. at 995 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5825, 6285). Thus, a court has the obligation to review payment to a debtor's attorney even if the employment of counsel was "otherwise appropriate under Section 327 and 328. . . ." *In re NBI, Inc.,* 129 B.R. at 218.

the retainer is $19,207.00 instead of $19,-    221.00 (Doc. No. 59) at ¶ 4(A).

■ Once an attorney is authorized to represent the debtor in a Chapter 11 case, Sections 330 and 331 govern the award of fees and costs incurred by the attorney. *Id.;* 11 U.S.C. §§ 330 & 331; *see also In re Office Products of America,* 136 B.R. 964, 970 (Bankr.W.D.Tx.1992) (finding that prepetition services may be compensated if they are "reasonable" under Section 329 while postpetition services may be compensated if they are "actual and necessary" under Section 330). Specifically, Section 330(a)(1) permits a court to award the attorney reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses. 11 U.S.C. § 330(a)(1).

Pursuant to Section 331, a court may approve and order the interim disbursement of the attorney's fees and costs that are otherwise allowable under Section 330. 11 U.S.C. § 331. Section 331 was drafted to allow a court to award compensation to an attorney during the case rather than waiting until the end of the case to receive payment. If the attorney wants to be paid from the bankruptcy estate, the attorney has to file an application setting forth the details of the services rendered and the amount requested. *Id.* In addition, the attorney has to disclose the source of any compensation paid or promised to be paid. *Id.*

■ *Prepetition Retainers in Bankruptcy.* Debtor's attorneys commonly receive a retainer prior to filing a Chapter 11 case to insure the payment for fees and costs for future services to be rendered. *See* 3 Collier on Bankruptcy, ¶ 328.02[1][b] at 328–6 (15th Ed.1997); *McDonald,* 114 B.R. at 999. The retainer remains property of the client, and, by extension, the bankruptcy estate until the attorney uses the retainer to satisfy payment for services rendered. *Id.* Any unearned portion of the retainer must be returned to the client.

■ In a bankruptcy case, the prepetition retainer becomes property of the bankruptcy estate under Section 541. The unearned portion of the retainer must be returned to the debtor's estate upon request.[4] *See In re Gray's Run Technologies, Inc.,* 217 B.R. 48, 53–54 (Bankr. M.D.Pa.1997); *In re Bressman,* 214 B.R. 131, 135 (Bankr.D.N.J.1997); *In re Printing Dimensions, Inc.,* 153 B.R. 715, 719 (Bankr.D.Md.1993); *In re GOCO Realty Fund I,* 151 B.R. 241, 250–51 (Bankr. N.D.Ca.1993); *In re Office Products of America, Inc.,* 136 B.R. at 970; *In re NBI, Inc.,* 129 B.R. at 219–24; *In re D.L.I.C., Inc.,* 120 B.R. 348, 350–351 (Bankr. S.D.N.Y.1990); *McDonald,* 114 B.R. at 997; *In re C & P Auto Transport, Inc.,* 94 B.R. 682, 686–87 (Bankr.E.D.Ca.1988); *In re Tri–County Water Association,* 91 B.R. 547, 550 (Bankr.D.S.D.1988); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 574–75 (Bankr.N.D.Tx.1986). Further, the prepetition retainer is property of the bankruptcy estate subject to review under Sections 330 and 331.

---

4. In this case, Hill waived any claim that the retainer was paid by a third party—H & R Construction, Inc. If the source of the prepetition retainer came from a third party then the prepetition retainer may not become part of the bankruptcy estate. *See Cristopher v. Mir (In re BOH! Ristorante, Inc.),* 99 B.R. 971, 973 (9th Cir. BAP 1989); *Land v. First National Bank in Alamosa (In re Land),* 116 B.R. 798, 805 (D.Colo.1990), *affirmed and remanded,* 943 F.2d 1265 (10th Cir.1991); *In re Key Largo Land, Inc.,* 158 B.R. 883, 884 (Bankr. S.D.Fla.1993); *In re Stoecker,* 114 B.R. 965, 977–78 (Bankr.N.D.Ill.1990); *In re Crimson Investments, N.V.,* 109 B.R. 397, 400–01 (Bankr.D.Ariz.1989). Since the prepetition retainer is not property of the estate, the retainer is only subject to court review under Section 329. *See, e.g., In re BOH! Ristorante,* 99 B.R. at 972–73. As a result, attorneys can apply the prepetition retainer to services rendered in a Chapter 7 case whether or not the services benefit the bankruptcy estate. *Cf. Stewart v. Law Offices of Dennis Olson,* 93 B.R. 91, 95 (N.D.Tx.1988) (finding clear weight of authority supports proposition that compensation from the estate, for services rendered, must benefit the debtor's estate, not the debtor); *see also In re Leff,* 88 B.R. 105, 109 (Bankr.N.D.Tx.1988) (holding counsel cannot be compensated from the bankruptcy estate for services rendered to the debtor in defending a dischargeability complaint).

■ *Treatment of Earned Retainer when a Chapter 11 Case is Converted to Chapter 7.* Several courts have wrestled with the issue of whether a debtor's attorney has any interest in the earned portion of a retainer paid prepetition when a case is converted from Chapter 11 to Chapter 7. *See In re Printcrafters, Inc.,* 208 B.R. 968, 972–75 (Bankr.D.Colo.1997); *In re Dees Logging, Inc.,* 158 B.R. 302, 306–07 (Bankr.S.D.Ga.1993); *In re Burnside Steel Foundary Co.,* 90 B.R. 942, 944 (Bankr. N.D.Ill.1988); *In re Kinderhaus Corp.,* 58 B.R. 94, 97 (Bankr.D.Minn.1986). The most persuasive view is that a debtor's attorney, by taking a security retainer, holds a possessory perfected security interest in a prepetition retainer to the extent of services provided and approved by the court. *In re Dees Logging,* 158 B.R. at 307 (citations omitted); § 679.203(1)(a), Fla.Stat.; *Gibson v. Resolution Trust Corporation,* 51 F.3d 1016, 1023 (11th Cir. 1995). Thus, if the case is converted from Chapter 11 to Chapter 7, the security interest in the retainer allows the lawyer to avoid the subordination provisions of Section 726(b) to the extent that services were provided and approved by the bankruptcy court. *In re Burnside Steel Foundary,* 90 B.R. at 944.

The rationale for this result is simple. A prepetition retainer taken by a debtor's lawyer generally is intended to secure future payment of fees awarded by the court. *Id.* (citation omitted). The debtor's attorney becomes a secured creditor by taking possession of the prepetition retainer. *Id.* Section 726(b), however, only affects the distribution priorities between *unsecured* claims because Section 507 only establishes priorities between unsecured creditors. 11 U.S.C. § 507; *In re Dees Logging,* 158 B.R. at 307 (citation omitted). As such, Section 726(b) has no application because the attorney holds a secured claim in the prepetition retainer to the extent the fees are allowed by the court. *In re Burnside Steel Foundary,* 90 B.R. at 944.

■ In this case, WHM & H received a prepetition retainer and has a secured claim limited to the amount of fees and costs allowed by this Court. WHM & H has filed its application for fees in the amount of $4,894.00 and costs in the amount of $289.00. The Court temporarily will assume these fees and costs are earned and will schedule a hearing on the Application for **2:00 p.m. on September 9, 1998.** However, WHM & H has no similar secured claim to the Unearned Retainer totaling $14,024.00.

■ *Treatment of Unearned Retainer.* WHM & H contends that they hold the Unearned Retainer in trust for their benefit relying upon *In re Kinderhaus, supra,* as authority. In *Kinderhaus,* a Chapter 11 case, the Bankruptcy Court for the District of Minnesota held that a prepetition retainer taken by a debtor's attorney is held in trust except to the extent the attorney fees are allowed under Section 330. 58 B.R. at 97. The retainer becomes property of the estate subject to the terms of the trust. *Id.* The funds held in this trust are not ordinarily available as a source of payment for other administrative claims. *Id.* WHM & H argues that, under Florida law, an attorney holds a retainer in such a trust. *See* R. Regulating Fla. Bar 5–1.1(a) (money entrusted to an attorney for a specific purpose is held in trust); R. Regulating Fla. Bar 4–1.15(a) (attorney shall hold in trust, separate from the attorney's own property, property of clients in the attorney's possession); *see also The Florida Bar v. Garland,* 651 So.2d 1182, 1183 (Fla.1995). Thus, under the rationale of *Kinderhaus* and considering Florida law, WHM & H argues the law firm does not have to return the Unearned Retainer to the Trustee because they hold it in a trust for their benefit.

The rationale of *Kinderhaus* is not applicable in this situation because of one significant distinction—this case has converted to a Chapter 7 proceeding. *Id.* at 98. The court in *Kinderhaus* simply did not address the issue of whether 726(b)

requires an attorney to return the unearned portion of a retainer after a Chapter 7 trustee is appointed and requests its return. Once the Debtor elected to convert this case to a liquidating Chapter 7 case and the Trustee was appointed, the Trustee became vested with the power to control the disposition of the Unearned Retainer and to insure distribution to creditors in accordance with Section 726(b). Simply put, the power of the Trustee and Section 726(b) trumps any interest WHM & H previously may have had in the Unearned Retainer.

*Conclusion.* Because WHM & H holds a security interest in the retainer to the extent the fees and costs requested in the Application are approved, the amount of $5,183.00 is not subject to turnover to the Trustee. A hearing to determine the reasonableness of those fees and costs is scheduled for **2:00 p.m. on September 9, 1998.** However, WHM & H has no entitlement to retain the Unearned Retainer of $14,024, and must return these funds to the Trustee for distribution pursuant to Section 726(b). WHM & H is directed to turn over the Unearned Retainer in the amount of $14,024.00 to the Trustee. A separate order consistent with these Findings of Fact and Conclusions of Law shall be entered.