**IN RE: TUSCANY ENERGY, LLC, Debtor.**

**Case No. 16–10398–EPK**

United States Bankruptcy Court, S.D. Florida, **West Palm Beach Division.**

Signed December 30, 2016

Bernice C. Lee, Bradley S Shraiberg, Boca Raton, FL, for Debtor.

## ORDER APPROVING FIRST INTERIM APPLICATION FOR ATTORNEY'S FEES AND EXPENSES OF SHRAIBERG, FERRARA, LANDAU & PAGE, P.A.

Erik P. Kimball, Judge, United States Bankruptcy Court

This matter came before the Court for hearing on October 19, 2016 upon the *Summary of First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Ferrara, Landau & Page, P.A. as Bankruptcy Counsel for the Debtor* [ECF No. 159] and the *Debtor's Response to Objection to First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Ferrara, Landau & Page, P.A. as General Bankruptcy Counsel for the Debtor* [ECF No. 176] (collectively, and as supplemented by ECF No. 182, referenced below, the "First Interim Fee Application") filed by counsel for Tuscany Energy, LLC (the "Debtor"), Shraiberg, Ferrara, Landau & Page, P.A. (the "Firm"), and the *Objection to First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Ferrara, Landau & Page, P.A. as General Bankruptcy Counsel for the Debtor* [ECF No. 172] (as supplemented by ECF No. 181, referenced below, the "Objection") filed by Armstrong Bank, an Oklahoma Banking Corporation ("Armstrong Bank").

After the hearing, at the Court's request, the parties submitted the *Reply to Debtor's Response to Objection to First Interim Fee Application for Compensation and Reimbursement of Expenses of Shraiberg, Ferrara, Landau & Page, P.A. as General Bankruptcy Counsel for the Debtor* [ECF No. 181] and the *Debtor's Supplemental Response to Objection to First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Ferrara, Landau & Page, P.A. as General Bankruptcy Counsel for the Debtor* [ECF No. 182].

The Firm seeks an interim award of fees and expenses for services rendered to the Debtor and its bankruptcy estate, and to apply a pre-petition retainer currently held in the Firm's trust account. Armstrong Bank does not object to the amount of the requested fees and expenses. However, Armstrong Bank argues that any approved compensation should not be paid from the pre-petition retainer on the grounds that the retainer constitutes Armstrong Bank's cash collateral and Armstrong Bank's interest in such cash collateral is superior to any claim of the Firm.

More than 5,000 new chapter 11 cases were filed last year. There are 565 pending chapter 11 cases in this district alone. In nearly every one of those cases, counsel to the debtor-in-possession receives prior to filing the petition a retainer for services to be rendered during the case. It is the rare chapter 11 case without at least one significant secured creditor. Particularly in commercial cases, such as this one, there is often at least one secured creditor that claims a security interest in all of the debtor's assets, including the debtor's deposit accounts and cash. When the debtor-to-be pays a retainer to its bankruptcy counsel, those funds typically come from a bank account that is subject to a security interest. Indeed, although not true here, it

is often the case that the secured creditor is also the bank. Why, then, is it so difficult to find a reported decision where a secured creditor objected to the use of a pre-petition retainer for payment of approved fees and expenses of the debtor's counsel on the grounds that the retainer is the secured creditor's cash collateral? The answer is that, except in extremely unusual circumstances, the secured creditor retains no interest at all in funds paid to debtor's counsel as a pre-petition retainer. U.C.C. Article 9, section 9–332, uniformly enacted in the states, provides that a transferee of money, or funds from a deposit account, takes free of any security interest "unless the transferee acts in collusion with the debtor in violating the rights of the secured party." *E.g.*, Florida Statutes § 679.332. Requesting a pre-petition retainer for services to be rendered in a chapter 11 case, alone, surely does not constitute collusion as contemplated in the statute. It is not surprising, then, that nearly no secured creditor challenges the use of a pre-petition retainer to pay approved fees and expenses of the debtor's counsel and that there are nearly no reported decisions on the issue.

In this case, Armstrong Bank does not even suggest that the Firm colluded with the Debtor to violate the rights of Armstrong Bank. Armstrong Bank has no interest in the pre-petition retainer held by the Firm. There is no cash collateral interest that might be entitled to adequate protection. Armstrong Bank's objection should be overruled and the Firm is entitled to apply the retainer in payment of fees and expenses approved by the Court.

In this case, even if Florida Statutes § 679.332 did not answer the question, the Firm has a security interest in the pre-petition retainer senior to any security interest Armstrong Bank might claim. The Debtor and the Firm executed an engage-

ment agreement that serves as a security agreement. All of the other requirements for attachment of that security interest are satisfied. The Firm's security interest in the pre-petition retainer is perfected by possession. Absent the effect of Florida Statutes § 679.332, Armstrong Bank might claim to have a security interest in the pre-petition retainer as proceeds of a deposit account subject to its security interest. But because Armstrong Bank never perfected its security interest in the deposit account that was the source of the retainer, the perfected security interest held by the Firm would be senior to any interest Armstrong Bank might claim.

For the reasons set out more fully below, the Court will overrule the Objection of Armstrong Bank, approve in full the interim application of the Firm, and authorize the use of the pre-petition retainer for payment of 80% of approved interim fees (consistent with the Court's usual practice) and 100% of approved interim expenses.

## FACTS

The Debtor is indebted to Armstrong Bank by virtue of two notes in the original principal amount of $5,000,000.00 each.[1] To secure the notes, the Debtor granted Armstrong Bank a security interest in substantially all of the Debtor's real and personal property, including cash, accounts, deposit accounts, and, proceeds.[2] The security agreement between Armstrong Bank and the Debtor provides, in relevant part: "[Debtor] hereby grants to [Armstrong Bank] a security interest in all Debtor's demand, time, savings, passbook or similar accounts maintained at [Armstrong] Bank, and at any other bank or financial institution[.]" In an effort to perfect its security interest in the Debtor's personal property, Armstrong Bank filed financing statements in accordance with the Uniform Commercial Code as enacted in the State of Florida.[3]

On January 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

Prior to the Petition Date, on November 2, 2015, the Debtor transferred to the Firm, and the Firm took possession of, $150,000.00 for pre-petition services and as a pre-petition retainer to secure the Firm's promise to represent the Debtor in the above-captioned bankruptcy case. Such funds came from an account in the name of the Debtor at SunTrust Bank. Also prior to the Petition Date, on November 16, 2015, the Debtor transferred to the Firm, and the Firm took possession of, an additional $50,000.00 retainer for the same purposes. Again, such funds came from the Debtor's account at SunTrust Bank. Thus, as of November 16, 2015, the Firm held $200,000.00 from the Debtor as a pre-petition retainer (the "Pre–Petition Retainer"). None of these monies were transferred from any account at Armstrong Bank. None of these monies were transferred from any account subject to an agreement providing Armstrong Bank with control over such account. Armstrong Bank was not the customer of SunTrust Bank with

---

1. Benefit Bank was the original lender on both loans. In April 2015, Armstrong Bank bought virtually all of the assets of Benefit Bank, including the two loans made to the Debtor.

2. The Debtor's *Schedule D: Creditors Who Have Claims Secured by Property* [ECF No. 38] lists the claim of Armstrong Bank as undis-

puted and secured by a "blanket lien on Debtor's assets."

3. Because the Debtor is a Florida corporation, Florida law governs the perfection of security interests. Florida Statutes § 679.3011.

regard to the account in question. The Pre–Petition Retainer was memorialized in a November 6, 2015 engagement letter between the Firm and the Debtor. From the Pre–Petition Retainer, the sum of $10,000.00 was paid to the Firm prior to the filing of the petition for pre-petition services, resulting in $190.000.00 remaining as of the Petition Date.[4] The above-described transactions were disclosed at the beginning of this case in the Debtor's application to employ the Firm. ECF No. 5.

In the First Interim Fee Application, the Firm seeks an interim award of fees in the amount of $140,202.50, and an interim award of expenses in the amount of $13,683.73, for a total interim award of $153,886.23. It is customary for the Court to permit payment of 80% of approved fees and 100% of approved expenses in connection with interim applications such as this, and the Firm requests payment accordingly. The Firm seeks to apply the Pre–Petition Retainer to pay fees and expenses authorized by the Court.

Armstrong Bank does not object to the reasonableness of the fees requested. Armstrong Bank objects only to the use of the Pre–Petition Retainer to pay whatever fees and expenses may be approved by the Court. Armstrong Bank claims that it holds a perfected, first priority security interest in all of the Debtor's property and, as such, the Pre–Petition Retainer constitutes cash collateral that cannot be used, absent consent, without adequate protection. Armstrong Bank claims the Debtor has no unencumbered assets with which it can offer adequate protection. Accordingly, Armstrong Bank argues that the Debtor may not use the Pre–Petition

Retainer to pay the Firm's attorney's fees and expenses.

The Firm responds that it is a non-collusive transferee of the funds representing the Pre–Petition Retainer and that, under Florida Statutes § 679.332, Armstrong Bank has no interest in the Pre–Petition Retainer that may constitute cash collateral. The Firm also argues that it has a perfected security interest in the Pre–Petition Retainer, to secure payment of the Firm's fees and expenses, superior to that of any party including Armstrong Bank.

## ANALYSIS

Once counsel is authorized to represent a debtor-in-possession in a chapter 11 case, sections [5] 330 and 331 govern the award of fees and expenses to such counsel. Specifically, section 330(a)(1) permits the Court to award counsel reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses. Pursuant to section 331, the Court may approve and order the interim disbursement of attorney's fees and expenses that are otherwise allowable under section 330. Section 331 was drafted to permit the Court to award compensation to counsel during the case rather than force counsel to wait until the end of a case to receive any compensation. *In re Zukoski*, 237 B.R. 194, 197 (Bankr. M.D. Fla. 1998). Counsel must file an application setting out the details of the services rendered and the amount requested, and must disclose the source of any compensation paid or promised to be paid.

 Counsel to the debtor-in-possession in a chapter 11 case typically receives

4. The Firm also received $1,717.00 to cover the cost of the Chapter 11 filing fee. That amount was in fact used to pay the Chapter 11 filing fee.

5. Unless otherwise indicated, the term "section" or "sections" refers to the given section or sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

a retainer prior to filing the petition, to ensure the payment of fees and expenses to be incurred in the case. *Id.* (citing 3 Collier on Bankruptcy, P 328.02[1][b] at 328–6 (15th ed. 1997); *In re McDonald Bros. Constr., Inc.,* 114 B.R. 989, 999 (Bankr. N.D. Ill. 1990)). The retainer remains property of the client until the attorney uses the retainer to pay fees and expenses. *Id.* Upon the filing of a bankruptcy petition, the pre-petition retainer becomes property of the bankruptcy estate under section 541, and any unearned portion of the retainer must be returned. *Id.* (citing eleven cases in support). Any pre-petition retainer is subject to court review under sections 330 and 331.

■ Debtor-in-possession counsel who obtains a pre-petition retainer to ensure payment of fees and expenses in a chapter 11 case (or a post-petition retainer authorized by court order) becomes a secured creditor, secured by a possessory security interest in money. *In re Outdoor RV & Marine, LLC,* 2011 Bankr. LEXIS 1698 at **20–25 (Bankr. S.C. 2011); *In re Advanced Imaging Techs., Inc.,* 306 B.R. 677, 680–81 (Bankr. W.D. Wash. 2003); *In re Burnside Steel Foundry Co.,* 90 B.R. 942, 944 (Bankr. N.D. Ill. 1988).

Florida Statutes § 679.2031 provides, in relevant part, as follows:

(1) A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral . . . .

(2) [A] security interest is enforceable against the debtor and third parties with respect to the collateral only if:

(a) Value has been given;

(b) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and

(c) One of the following conditions is met:

1. The debtor has authenticated a security agreement that provides a description of the collateral . . . [or]

2. The collateral . . . is in the possession of the secured party under s. 679.3131 pursuant to the debtor's security agreement[.]

Under Florida Statutes § 679.3131(1), a secured party may perfect its security interest in money by possession.

■ The Firm holds a valid, enforceable security interest in the Pre–Petition Retainer. First, value was given by the Firm as the Firm promised to represent the Debtor in this bankruptcy case. Second, at the time the Debtor paid the Pre–Petition Retainer to the Firm the Debtor owned the funds in its SunTrust Bank account, the source of the Pre–Petition Retainer. Third, the Firm and the Debtor entered into an engagement agreement that specifically addresses the retainer and its use for payment of fees and expenses in this case. Also, the Firm is, and has been since November 16, 2015, in possession of the Pre–Petition Retainer by virtue of holding the Pre–Petition Retainer in the Firm's trust account. All of the requirements for attachment of a security interest under Florida Statutes § 679.2031 are met. The Firm's security interest in the Pre–Petition Retainer is perfected by possession.[6]

---

**6.** For a more complete analysis of several issues presented here, the Court points the parties to *In re Outdoor RV & Marine, LLC,* 2011 Bankr. LEXIS 1698. In that case, the court considered whether fees and expenses incurred by counsel to the debtor-in-possession in a chapter 11 case, for which counsel held a pre-petition retainer, constituted a secured or an unsecured claim in the case after it had been converted to chapter 7. If the court determined that counsel's fees were not secured by the retainer, then they would be subordinated to the chapter 7 administrative expenses. Relying on Article 9 as enacted in

■ Armstrong Bank has no interest whatsoever in the Pre–Petition Retainer. Florida Statutes § 679.332(2) provides: "A transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party." Armstrong Bank does not even suggest that the Firm was involved in collusion. Thus, upon payment of the Pre–Petition Retainer to the Firm, Armstrong Bank lost entirely its security interest in such funds. Because Armstrong Bank has no interest in the Pre–Petition Retainer, the Pre–Petition Retainer is not cash collateral. *See* 11 U.S.C. § 363(a) (non-debtor party must have an interest in the cash, deposit account, or other cash equivalent). The Debtor need not obtain Armstrong Bank's consent to use of the Pre–Petition Retainer. *See* 11 U.S.C. § 363(c)(2)(A). The Firm is free to apply the Pre–Petition Retainer in payment of fees and expenses approved by this Court.

■ Even if Armstrong Bank could somehow claim a continuing security interest in the Pre–Petition Retainer, that interest would be junior to the perfected security interest held by the Firm. While the Debtor had granted to Armstrong Bank a security interest in all of the Debtor's bank accounts, including the SunTrust Bank account which was the source of the Pre–Petition Retainer, Armstrong Bank never perfected its security interest in the SunTrust Bank Account. A security interest in a deposit account may only be perfected by control over that deposit account. *See* Florida Statutes §§ 679.3121(2)(a) and 679.3141. In order to obtain control over a deposit account for purposes of perfection, (a) the secured creditor must be the bank at which the account is maintained, (b)

there must be a control agreement among the secured creditor, the bank, and the debtor, requiring the bank to comply with the secured creditor's instructions, or (c) the secured creditor must be the bank's customer with regard to the account. Florida Statutes § 679.1041. The account that was the source of the Pre–Petition Retainer was not at Armstrong Bank. There was no control agreement. Armstrong Bank was not the customer of SunTrust Bank on the subject account. Accordingly, Armstrong Bank did not have a perfected security interest in the Debtor's SunTrust Bank account. Likewise, Armstrong Bank did not have a perfected security interest in the cash transferred from the SunTrust Bank account to the Firm, which became the Pre–Petition Retainer. *See* Florida Statutes § 679.3151(3). As of the Petition Date, the Firm had a perfected security interest in the Pre–Petition Retainer. Because Armstrong Bank's security interest in the Pre–Petition Retainer, if any, is unperfected, that security interest would be junior to the perfected security interest of the Firm. Florida Statutes § 679.322(1)(b). The Firm has a first priority perfected security interest in the Pre–Petition Retainer, superior to any interest Armstrong Bank may claim therein.

Armstrong Bank relies on *In re Shivshankar Partnership LLC* for the proposition that a retainer that constitutes a secured creditor's cash collateral may be used to pay fees and expenses of the debtor's counsel only if the debtor provides adequate protection to the secured creditor. 517 B.R. 812, 824–26 (Bankr. E.D. Tenn. 2014). The court in *Shivshankar* did not address whether the retainer in question was in fact cash collateral; this fact appears not to have been disputed. In the present case, Armstrong Bank does not

South Carolina, which is substantially identical to Article 9 as enacted in Florida, the

court ruled that counsel had a perfected security interest in their pre-petition retainer.

have a cash collateral interest in the Pre-Petition Retainer. Even if it did, that interest would be junior to the perfected security interest held by the Firm.

The Court has reviewed in detail the First Interim Fee Application presented by the Firm. The Court finds that the time expended by the Firm was, in each instance, appropriate for the task at hand and reasonable under the circumstances of the case. The Court is familiar with the experience, skill, and reputation of each of the individual lawyers who performed services for the Firm in this case. The Court finds that the hourly rates charged by the Firm are reasonable and appropriate hourly rates in light of the skill and experience of the individual lawyers and are consistent with prevailing rates in this district. In sum, the legal fees and expenses requested by the Firm are reasonable and appropriate for the work undertaken in this case and should be approved.

For the foregoing reasons, the Court ORDERS as follows:

1. The First Interim Fee Application [ECF No. 159] is APPROVED to the extent provided herein.

2. Shraiberg, Ferrara, Landau & Page, P.A. is awarded interim fees in the amount of $140,202.50 and interim expenses in the amount of $13,683.73. Shraiberg, Ferrara, Landau & Page, P.A. may apply the Pre–Petition Retainer in payment of 80%, or $112,162.00, of the fees awarded and in payment of 100%, or $13,683.73, of expenses awarded, for a total of $125,845.73, with the remainder subject to payment following consideration of the firm's final fee application.

3. All fees and expenses awarded on an interim basis shall be subject to review at the time of a final fee application and possible return to the estate for any excessive fees paid pursuant to 11.U.S.C. § 330.

4. The Objection [ECF Nos. 172 and 181] is OVERRULED.

**ORDERED in the Southern District of Florida on December 30, 2016.**